## SCHREYER et al. v. CASCO PRODUCTS CORPORATION et al.

### Civ. No. 2673.

United States District Court
D. Connecticut.
Jan. 24, 1950.

178

David Day, Marsh, Day & Calhoun, Bridgeport, Connecticut, for plaintiffs.

David Goldstein, Goldstein & Peck, Bridgeport, Connecticut, for defendants.

SMITH, District Judge.

The defendants move to dismiss the cause of action set forth in certain paragraphs of the complaint as stating a claim for recovery for unfair competition upon which relief may not be granted since diversity of citizenship is lacking.

Plaintiffs contend that relief may be granted on the claim for unfair competition even though diversity is lacking since it is joined with a claim for patent infringement arising out of the laws of the United States, relying upon Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

It appears that plaintiffs are contending for the interpretation of Hurn v. Oursler supported by Judge Clark in his dissenting opinions in Zalkind v. Scheinman, 2 Cir., 1943, 139 F.2d 895 and Musher Foundation v. Alba Trading Co., 2 Cir., 1942, 127 F.2d 9, making the test substantial identity of right invaded rather than substantial identity of proof. The Second Circuit, however, has rejected this interpretation of Hurn v. Oursler, and, at least up to the enactment of the revision of Title 28 of the United States Code Annotated, adhered to the view that substantial identity of proof with the federal claim was a necessary element to give federal jurisdiction over the joined non-federal claim.

Plaintiffs have not succeeded in taking this case out of the so-called Second Circuit rule by any differentiation on the facts. Undoubtedly substantial additional proof of the negotiations and disclosures in confidence would be necessary to establish the allegations of unfair competition aside from those necessary to show patent infringement.

The right of the plaintiffs to sole enjoyment of the fruits of the inventor's ingenuity and labor in the production of his device without illegal competition by production of a similar device by the defendants is the same whether the invasion of the right is claimed to be in violation of the federal patent law or of the non-federal law of unfair competition, however, and to that extent the "cause of action" may be said to be the same, or to use the word used by the footnote to Hurn v. Oursler quoted by Judge Clark in Musher Foundation v. Alba Trading Co., supra, the claims are "related".

The revisers attempted in section 1338(b) of Title 28 to include in statutory form the existing federal case law on the subject. They recognized that there was a difference of opinion, to which they called attention in their notes on the section, as to the interpretation of Hurn v. Oursler.[1] The terms they chose to express the revision, however, appear more apt to state the view of Judge Clark's dissents than that of

1. See also Report of the House Committee on the judiciary to accompany H.R.3214, 80th Cong., 2nd Session, p. 6.
"Some minor changes of existing law were necessary in revising provisions relating to jurisdiction of the district courts. These are noted in the revisers' notes under sections 1332, 1335, 1338 * * *".

the majority in the Second Circuit cases. This being so, we are enabled to reach a result desirable in terms of judicial economy, for much of the proof on one claim must be duplicated on trial of the other claim in another forum. The variance in proof does not seem sufficient to raise any serious constitutional doubts of the power of the Congress to authorize the Courts to handle both together.

The motion to dismiss the cause of action for unfair competition is denied.