## ROSS PRODUCTS, Inc., et al. v. NEWMAN et al.

United States District Court
S. D. New York.

Nov. 28, 1950.

Minot & Zasloff, New York City, for plaintiffs.

Harry Price, New York City, for defendant Premier Products Co.

RYAN, District Judge.

On this motion to remand, the only substantial issue is presented by defendant, Premier Products', contention that a claim founded solely on allegations of unfair competition is one arising under the Lanham Trade Mark Act, 15 U.S.C.A. §§ 1051–1127, and, therefore, within the jurisdiction of the federal courts, even absent diversity of citizenship.

That the law was precisely the opposite prior to the effective date of the Lanham Act cannot be disputed. Magic Foam Sales Corp. v. Mystic Foam Corp., 6 Cir. 1948, 167 F.2d 88. Indeed, the federal courts have long been preoccupied with the circumstances under which they could entertain a claim for unfair competition even when it was coupled with a claim for infringement of a registered trade mark. Treasure Imports, Inc. v. Henry Amdur & Sons, Inc., 2 Cir. 1942, 127 F.2d 3, 5.

The view that the Lanham Act expanded federal jurisdiction to include purely unfair competition claims was recently advanced by the Court of Appeals for the Ninth Circuit. Stauffer v. Exley, 9 Cir., 184 F.2d 962. The court there points out that among benefits conferred in 15 U.S.C.A. § 1126, on certain foreign nationals and domiciliaries, is the right to avail themselves in unfair competition actions of the remedies provided by the Act for infringement of registered trade marks; and that in subsection (i) the same benefits are conferred on citizens or residents of the United States. Therefore, the court infers, claims based on allegations of unfair competition fall within the ambit of 15 U.S.C.A. § 1121, which vested the district courts with jurisdiction "of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

As against this line of reasoning, there is the clear language of 28 U.S.C.A. § 1338, which in subsection (a), vests the district courts with "original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks"; and then goes on, in subsection (b) (added in 1948), to declare: "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

Under the interpretation set forth in the Stauffer case, Section 1338(b) is rendered a nullity, even though it is the most recent Congressional enactment on the subject. We do not believe that the Lanham Act requires any such result. It does no violence to the language of the Act to find that Congress, by making available to unfair competition claims remedies fashioned for infringement of registered trade marks, did not thereby intend to transmute such claims into "actions arising under this chapter." If Congress had intended to work so radical a change in the law, it undoubtedly would have embodied that purpose in clear and unmistakable language. Defendant's argument that the court has jurisdiction in this case under the Lanham Act must, therefore, be rejected, as, also, must be the other asserted bases of federal jurisdiction.

Plaintiffs' motion to remand is granted.