**OLD READING BREWERY, Inc. v. LEBANON VALLEY BREWING CO.**

Civ. A. No. 4077.

United States District Court Middle D. Pennsylvania.

Feb. 8, 1952.

Bickel & Ehrgood, Lebanon, Pa., Royal R. Rommel, Washington, D. C., for plaintiff.

Siegrist, Koller & Siegrist, Lebanon, Pa., Emanuel Weiss, Reading, Pa., Edward B. Beale, and Beale & Jones, all of Washington, D. C., for defendant.

FOLLMER, District Judge.

Plaintiff instituted suit in the Court of Common Pleas of Lebanon County, Pennsylvania. Defendant filed its petition for removal to the United States District Court and plaintiff thereupon moved to remand.

The complaint alleges that plaintiff is a Delaware corporation and defendant a Pennsylvania corporation. The complaint is predicated upon averments that plaintiff's product "has for many years been sold under the trade-mark 'Old Reading Beer', and since early in the year of 1945 additionally has been known and sold as 'Traditionally Pennsylvania Dutch' ", and that the product "has become known to the public and the buyers and consumers thereof as 'Pennsylvania Dutch' ". It is alleged that defendant "has infringed and continues to infringe upon plaintiff's exclusive rights in and to the phrases and trade-marks used by it and the public in identifying plaintiff's beer, to wit: 'Pennsylvania'; 'Traditionally Pennsylvania Dutch', and the use of the symbols, customs, arts, crafts and peculiarities of the Pennsylvania Dutch people, by the willful and deliberate use of the phrase and trademark 'Pennsylvania Dutch' ", and that said acts of defendant "constitute unfair and unlawful competition with plaintiff." There is no allegation that there is a registered trade-mark, or that the action arises under the Constitution or any law of the United States.

In so far as diversity of citizenship as a basis for removal is concerned, 28 U.S.C. § 1441(b) provides: "(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or

laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

■ The defendant is a citizen of Pennsylvania, the State in which the action is brought. Consequently, diversity of citizenship cannot be the basis of this removal.[1]

■■ We come therefore to the question of whether the action involves any claim or right arising under a law of the United States. In determining this question it must be borne in mind that removal statutes are strictly construed[2] and removal should not be granted if there is doubt as to the right of removal in the first instance,[3] and in order to sustain jurisdiction of the Federal Court on the ground of a federal question in a case removed thereto from the State Court, the federal question must clearly appear on the face of the complaint as an essential and integral part of the plaintiff's statement of his own case.[4]

Defendant contends that this Court has jurisdiction of the cause of action "to restrain infringment in interstate commerce of plaintiff's alleged trade-mark" with

pendent jurisdiction of the claim of unfair competition under the provisions of 28 U. S.C. § 1338(b), which section was added in the recent (1948) revision of the Judicial Code. Defendant further contends that there is original jurisdiction in this Court, irrespective of any issue of infringement of a trade-mark, by reason of the provisions of Section 44 of the Lanham Trade-Mark Act of July 5, 1946, 15 U.S.C. A. § 1126, even if the cause of action is based solely upon unfair competition in interstate commerce.

Section 39 of the Lanham Trade-Mark Act, 15 U.S.C.A. § 1121, confers upon the United States District Courts original jurisdiction of all actions arising under this Act.[5] Section 1338(a) of Title 28 likewise confers such original jurisdiction.[6] To this latter section was added 28 U.S.C. § 1338(b) which provides: "(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

The historical basis of this section, its application of the Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, doctrine, and of the use of the language "joined with a substantial and related claim under the copyright, patent or trade-

1. Arcady Farms Milling Co. v. Northcutt, D.C.E.D.S.C., 87 F.Supp. 373; Irvin Jacobs & Co. v. Levin, D.C.N.D.Ohio, 86 F.Supp. 850; cf. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

2. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214.

3. John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, D.C.N.J., 93 F.Supp. 296; Garner v. Mengel Co., D.C.W.D.Ky., 50 F.Supp. 794.

4. National Mutual Insurance Co. v. Tidewater Transfer Co., Inc., 337 U.S. 582, 597, 69 S.Ct. 1173, 93 L.Ed. 1556; American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702; John Hancock Mut. Life Ins. Co. v. United Office & Professional Workers of America, supra; Stein v. Brotherhood of Painters, Decorators and Paper Hangers of Amer-

ica, D.C.N.J., 11 F.R.D. 153; H. N. Thayer Co. v. Binnall, D.C.Mass., 82 F. Supp. 566; Doran v. Elgin Cooperative Credit Ass'n, D.C.Neb., 95 F.Supp. 455. See also Moore's Federal Practice (2d Ed.) Vol. 2, Par. 2.06 and 2.07.

5. "The district and territorial courts of the United States shall have original jurisdiction, the circuit courts of appeal of the United States and the United States Court of Appeals for the District of Columbia shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

6. "(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

mark laws" which has been the subject of considerable discussion,[7] is not pertinent here without the existence of some claim under the trade-mark laws. As pointed out by Judge Goodrich in Campbell Soup Co. v. Armour & Co., 3 Cir., 175 F.2d 795, 796, "trade-mark infringement is but one phase of the general subject of unfair competition.",[8] and "federal registration does not create a trade-mark", but that "The trade-mark registration statute expressly confers jurisdiction on federal courts for litigation arising under it."[9] Section 32 of the Lanham Trade-Mark Act of July 5, 1946, 15 U.S.C.A. § 1114, provides, inter alia: "(1) *Any person* who shall, *in commerce,* (a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of any *registered* mark in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services; or (b) * * *, shall be liable to a civil action by the registrant for any or all of the remedies hereinafter provided in this chapter, * * *." (Emphasis supplied.)

There being no allegations that the alleged infringement involves a registered trade-mark, such alleged infringement presents no substantial federal question. In the absence of diversity of citizenship as a basis for removal, or a registered trade-mark, this Court is without jurisdiction to adjudicate the validity or infringement of such trade-mark,[10] and it cannot be said that the claim of unfair competition is "joined with a substantial and related claim under the * * * trade-mark laws" under 28 U.S.C. § 1338 (b). Action under Section 32 being against "Any person who shall, in commerce,"[11] etc., this becomes an additional prerequisite [12] where jurisdiction is predicated upon trade-mark registration.

Defendant, relying on Stauffer v. Exley, 9 Cir., 184 F.2d 962, argues that even assuming all this to be true, an action for unfair competition, even where an unregistered trade-mark is involved, is under Section 44 of the Lanham Trade-Mark Act, 15 U.S.C.A. § 1126, an action arising under the laws of the United States.

Section 44(a) provides for the registration of marks communicated to the Commissioner by the international bureaus provided for by International Conventions. Section 44(b) confers the benefits of the Act upon nationals of foreign countries which are parties to the conventions or treaties. Section 44(d) provides for rights of priority in connection with such registration. Section 44(g), however, provides that "Trade names or commercial names of persons described in subsection (b) of this section shall be protected without the obligation of filing or registration whether or not they form parts of marks." This is followed by 44(h) and (i) which provide:

"(h) Any person designated in subsection (b) of this section as entitled to the benefits and subject to the provisions of

7. See e.g. Kleinman v. Betty Dain Creations, Inc., 2 Cir., 189 F.2d 546 (and Judge Clark's dissent therein); Schreyer v. Casco Products Corp., D.C.Conn., 89 F.Supp. 177; cf. Allen v. Barr, D.C. Mich., 93 F.Supp. 589, 597.

8. See also Academy Award Products, Inc., v. Bulova Watch Co., D.C.S.D.N.Y., 90 F.Supp. 12.

9. See also Magic Foam Sales Corporation v. Mystic Foam Corporation, 6 Cir., 167 F.2d 88.

10. Allen v. Barr, supra; Hodgson v. Fifth Avenue Plastics. Inc., D.C.S.D.N.Y., 94 F.Supp. 160; Schreyer v. Casco Products Corp., supra. Cf. also Browning King Co. of New York, Inc., v. Browning King Co., Inc., 3 Cir., 176 F.2d 105 (Action instituted prior to 1946); Colonial Radio Corporation v. Colonial Television Corporation, D.C.S.D.N.Y., 78 F.Supp. 546; Landstrom v. Thorpe, 8 Cir., 189 F.2d 46.

11. "Commerce" being defined in Section 45, 15 U.S.C.A. § 1127, as follows: "The word 'commerce' means all commerce which may lawfully be regulated by Congress."

12. C. B. Shane Corp. v. Peter Pan Style Shop, Inc., D.C.N.D.Ill., 84 F.Supp. 86, 89; Jewel Tea Co., Inc., v. Kraus, D.C. N.D.Ill., 88 F.Supp. 1003, 1005.

438

this chapter shall be entitled to effective protection against unfair competition, and the remedies provided in this chapter for infringement of marks shall be available so far as they may be appropriate in repressing acts of unfair competition.

"(i) Citizens or residents of the United States shall have the same benefits as are granted by this section to persons described in subsection (b) of this section."

The Stauffer case, supra, involved an unregistered trade name and unfair competition and held that Section 44(i), supra, conferred jurisdiction upon the Federal Court in an action for unfair competition by a citizen of a State.

The Court of Appeals of the Ninth Circuit in a later case [13] involving the name "Mark Twain" which had been registered under the Federal Trade-Mark Law, refers to the same as a trade name and states: "Various provisions of the Lanham Act now give protection under federal law regardless of the registration under federal law of the trade name concerned, provided the unfair competition takes place in interstate commerce. See, Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962."

In Re Lyndale Farm, 38 C.C.Pa., Patents, 825, 186 F.2d 723, 726, the United States Court of Customs and Patent Appeals cites Stauffer v. Exley with approval but is careful to point out

"* * * Section 44(g), 15 U.S.C.A. § 1126(g) relates to *trade names* owned by such persons and states that they 'shall be protected without the obligation of filing or registration whether or not they form parts of marks.' Section 44(h), 15 U.S.C. A. § 1126(h) makes available to such persons the remedies specified in the Act for infringement of marks in protecting those persons against unfair competition. Section 44(i), 15 U.S.C.A. § 1126(i) confers upon United States citizens or residents the same benefits granted the persons identified by Section 44(b), 15 U.S.C.A. § 1126(b). Thus it is that a federal cause of action exists in behalf of a United States citizen or resident whose *trade name* is unfairly used in a manner affecting commerce whereby the remedies of the Lanham Act provided for the infringement of registered marks are made available in repressing such acts of unfair competition affecting unregistered trade names.

"Trade-marks and trade names are distinct legal concepts within the ambit of the law of unfair competition. * * *"

Whether the Stauffer doctrine would be followed where a trade name is involved need not be decided here. Certainly, in so far as trade-marks are concerned, Judge Ryan in Ross Products, Inc., v. Newman, D.C.S.D.N.Y., 94 F.Supp. 566, 567, aptly states:

"* * * Therefore, the court infers, claims based on allegations of unfair competition fall within the ambit of 15 U.S.C. A. § 1121, which vested the district courts with jurisdiction 'of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.'

"As against this line of reasoning, there is the clear language of 28 U.S.C.A. § 1338, which in subsection (a), vests the district courts with 'original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks'; and then goes on, in subsection (b) (added in 1948), to declare: 'The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws.'

"Under the interpretation set forth in the Stauffer case, Section 1338(b) is rendered a nullity, even though it is the most recent Congressional enactment on the subject. We do not believe that the Lanham Act requires any such result. It does no violence to the language of the Act to find that Congress, by making available to unfair competition claims remedies fashioned for infringement of registered trade marks, did not thereby intend to transmute such claims into 'actions arising under this chapter.' If Congress had intended to work so radical a change in the law, it un-

13. Chamberlain v. Columbia Pictures Corp., 9 Cir., 186 F.2d 923, 924.

doubtedly would have embodied that purpose in clear and unmistakable language. Defendant's argument that the court has jurisdiction in this case under the Lanham Act must, therefore, be rejected, as, also, must be the other asserted bases of federal jurisdiction."

We have therefore an action instituted in the State Court against a citizen of such State, on a complaint which makes no mention of, or any showing of, any claim or right arising under a law of the United States and containing no allegation that a registered trade-mark is involved. Under such circumstances the motion to remand must be granted.