**HOSID PRODUCTS, Inc. et al. v. MASBACH, Inc.**

Civ. No. 4247.

United States District Court,
N. D. New York.

June 2, 1952.

Philip Hillsberg, Syracuse, N. Y. (Mock & Blum, New York City, of counsel), for plaintiffs.

Kernan & Kernan, Utica, N. Y. (Andrew J. Graham and William F. Weigel, New York City, of counsel), for defendant.

FOLEY, District Judge.

The motion to remand this action to the Supreme Court of the State of New York, Onondaga County, wherein it was instituted by the plaintiff corporations, is met by vigorous opposition on the part of the defendant corporation, Masback, Incorporated, incorrectly described in the title as Masbach, Inc. It is the position of the defendant that there is clear right to removal under the provisions of section 1441 of Title 28 U.S.C.A. because, first and most important, the defendant urges, this court has original jurisdiction under the Trade Mark Act of 1946, 15 U.S.C.A. § 1051 et seq., popularly known as the Lanham Act, particularly under the jurisdictional grant in section 39 of the Act, 15 U.S.C.A. § 1121, to district courts "of all actions arising under this act, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties." Secondly, it is argued that if this first contention be not accepted, the plaintiffs by their state court complaint injected a federal question into the action by asserting estoppel against the defendant based upon the filing of applications for registered trademarks under the Trade Mark Act of 1946. In this instance, jurisdiction is claimed, inasmuch as there is no diversity of citizenship, under 28 U.S.C.A. § 1331.

The plaintiffs are New York corporations. Both are substantially owned, operated and controlled by the same person, Jack Hosid. It is apparent that Glamur Cleansing, Inc., is an affiliated subsidiary of Hosid Products Company, and in the complaint admittedly incorporated to protect the name "Glamur" in the State of New York in the previously established business of said Hosid Products, Inc. There seems to be little claim in the complaint, if any, that the alleged infringement of the trademark "Glamur" is an interference with an established trade name. The products bearing the mark "Glamur," are advertised, marketed and distributed by Hosid Products, Inc. Any right of Glamur Cleansing Inc. in such mark, at the present time, is solely derivative.

The defendant corporation, as alleged in the complaint, is a New York corporation and the dispute herein arises because it has sold at wholesale a rug and carpet cleaning compound under the affixed label and name "Glamorene" on the containers. It is further alleged in the complaint that this "Glamorene" product was manufactured or sold by Jerclaydon, Inc., a corporation organized and existing under the laws of Florida. It appears from the complaint that Hosid Products, Inc., filed an application in the United States Patent Office to register "Glamur" for a cleaner for rugs, carpets and upholstery on April 25, 1950, and Jerclaydon, Inc. filed similarly for "Glamorene" on June 5, 1950. An interference was declared pursuant to law on October 10, 1951, by the Patent Office, and neither Jerclaydon, Inc. nor Hosid Products has moved to dissolve the interference and and it is now pending. It is upon this application by Jerclaydon for a federal registered trademark, and its failure to move to dissolve the declared interference, that the plaintiffs allege as previously noted that the defendant is estopped from claiming dissimilarity in the marks, or from asserting any use of "Glamorene" prior to September 15, 1949, which the complaint states was the earliest date of use claimed by Jerclaydon for "Glamorene" in its application for federal trademark registration. The plaintiff, Hosid Products, Inc., duly registered "Glamur" in the State of New York, and such registration as a New York trademark was issued February 5, 1952.

I outline the important facts of the controversy because I do not feel that by the circumstances disclosed there is original jurisdiction in this court under the Lanham Act. Most significant to me in this respect is the clear fact that we have two unregistered trademarks in the federal sense, despite the pendency of federal applications for both. In the authority mainly relied upon by the defendant, Stauffer v. Exley, 9 Cir., 184 F.2d 962, a careful reading shows that the broad interpretation there revolved substantially around subsection (g), section 1126, Title 15, dealing with the protection to be accorded tradenames or commercial names *without the obligation of filing or registration* (italics mine). Circuit Judge Orr, who wrote for the majority in the Stauffer case, demonstrates to me the importance of this subsection (g) in arriving at their previous determination when he stated in Chamberlain v. Columbia Picture Corp., 9 Cir., 186 F.2d 923, 924, "Various provisions of the Lanham Act now give protection under federal law regardless of the registration under federal law of the *trade name concerned,* provided the unfair competition takes place in interstate commerce. See, Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962." (Italics mine.)

In re Lyndale Farm, 186 F.2d 723, 726, 38 C.C.P.A., Patents, 825, the court referring to the Stauffer case stated, "Thus it is that a federal cause of action exists in behalf of a United States citizen or resident whose *trade name* is unfairly used in a manner affecting commerce whereby the remedies of the Lanham Act provided for the infringement of registered marks are made available in repressing such acts of unfair competition affecting unregistered trade-names." This authority then goes on to clarify the distinct legal concepts of Trademarks and Tradenames in unfair competition problems and outlines the sections of the Act which confer upon tradenames increased protection from acts of unfair competition.

The complaint here is directed against the alleged infringement of a trade-mark regis-

tered in the State of New York. There is no substantial claim of infringement of an established tradename. Under these circumstances, Kaplan v. Helenhart Novelty Corporation, 2 Cir., 182 F.2d 311, 312, seems decisive by this statement: "But since the trade-mark is unregistered and there is no diversity jurisdiction, the cause of action based on its alleged infringement or on its misuse is not by itself within the jurisdiction of a federal court."

Under my reasoning it does not seem necessary to enter the conflict between Stauffer and Ross Products, Inc. v. Newman, D.C., 94 F.Supp. 566, 567. See discussion in Dad's Root Beer Co. v. Doc's Beverages, 2 Cir., 193 F.2d 77. The Stauffer interpretation makes the provision of subsection (g), Title 15, § 1126, an integral part of its decision and such situation is not present here. Ross Products, Inc. v. Newman, supra, is directly against the enlargement of jurisdiction to situations as here unless "joined with a substantial and related claim under the copyright, patent or trademark laws" as provided for in 28 U.S.C.A. § 1338(b). The Second Circuit Court of Appeals has not yet decided whether the Lanham Act creates a new federal right against "unfair competition." Chas. D. Briddell, Inc. v. Alglobe Trading Corp., 2 Cir., 194 F.2d 416, 421.

I do not see much merit in the contention of the defendant that jurisdiction is created in this court by the pleading of facts in the complaint involving applications made under federal law for trademark registration. The gravamen of the complaint is directed against the claimed infringement of a duly registered New York State trademark by acts substantially local in their nature.

The estoppel pleaded would at most entail the application of federal statutes and not their construction or interpretation. Estoppel is an equitable doctrine directed to the conscience of the court, and its rejection would not necessarily be fatal to the cause of action pleaded in the complaint. The allegations in the complaint in this respect seem mainly evidentiary and are not an essential element to the plaintiffs' cause of action. The tests outlined in Gully v. First National Bank, 299 U.S. 109 at pages, 112, 113, 57 S.Ct. 96, 81 L.Ed. 70, and established in the law concerning such jurisdictional problems are not met.

The motion to remand is granted.