**RONSON ART METAL WORKS, Inc. v. GIBSON LIGHTER MFG. CO. et al.**

United States District Court
S. D. New York.
Nov. 26, 1952.

756

Lorenz, Finn & Nobiletti, New York City, for plaintiff.

Harry Price, New York City, for defendants.

EDELSTEIN, District Judge.

This motion to remand presents the issue whether the court has jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051–1127, and particularly § 1126(h, i), in the absence of diversity jurisdiction, of a cause of action solely for unfair competition.

█ However, a preliminary obstacle to the consideration of the large issue must be resolved. Obviously, if there is jurisdiction in this court under the Lanham Act, it may be exercised only in that field which is within the Congressional power to regulate: the field of foreign or interstate commerce. In order to bring the case within the statute it must appear from the face of the complaint, unaided by the answer or the petition for removal, that the requisite elements of interstate commerce are in-

volved. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70. An analysis of the complaint discloses no explicit allegation that the transactions of either the plaintiff or defendants involve interstate commerce. But there is an averment that the defendants are preparing to flood "the market, particularly in the Metropolitan area of New York," with their products. I feel that the court may take judicial notice that the Metropolitan area of New York constitutes a market including parts of more than one state. And in conjunction with this fact, the recital in the complaint of the magnitude of plaintiff's operations in terms of numbers of retail outlets, volume of sales and advertising renders inescapable the conclusion that the plaintiffs have pleaded that they are engaged in interstate commerce.

█ Nevertheless, I conclude that the motion to remand must be granted. The Court of Appeals for the Second Circuit has not yet passed upon the question of whether the Lanham Act creates a new federal right against unfair competition. Briddell, Inc., v. Alglobe Trading Corp., 194 F.2d 416, 421; Dad's Root Beer Co. v. Doc's Beverages, Inc., 193 F.2d 77, 81. The Court of Appeals for the Ninth Circuit has adopted the view that the Act contains a broad grant of national power of protection against unfair competition. Stauffer v. Exley, 184 F.2d 962; Chamberlain v. Columbia Pictures Corp., 186 F.2d 923.[1] This view has been approved by the Court of Customs and Patent Appeals, In re Lyndale Farm, 186 F.2d 723, 38 C.C.P.A., Patents, 825, and supported by various text-writers.[2] Judge Ryan, of this court, has taken a contrary view in Ross Products v. Newman, D.C., 94 F.Supp. 566.[3] The problem is as delicate and complex as it is important, with both views having much to recommend them. However, in the absence of a ruling by the Court of Appeals for this Circuit, and without

1. In the case of Hosid Products, Inc. et al. Masbach, Inc., D.C.N.D.N.Y., 108 F. Supp. 753, the court construed the two Ninth Circuit cases as being limited to situations where trade-names or commerical names are involved.

2. See note 3, Dad's Root Beer Co. v. Doc's Beverages, Inc., 2 Cir., 193 F.2d 77, 81.

3. Followed in Old Reading Brewery, Inc., v. Lebanon Valley Brewing Co., D.C. M.D.Pa., 102 F.Supp. 434.

attempting to make any novel contribution toward the resolution of the problem, I am constrained to adopt the view of Judge Ryan in the Ross Products case.[4]

Settle an order accordingly.

---

4. Which rejects the Stauffer v. Exley construction of the Lanham Act as inconsistent with the subsequently enacted § 1338 of Title 28 U.S.Code. For a critical analysis of the Ninth Circuit court's attempt to reconcile the statutes under their interpretation, see 64 Harv.L.Rev. 1209.