**ROYAL LACE PAPER WORKS, Inc. and E. B. Mott Company, Appellants,**

v.

**PEST-GUARD PRODUCTS, Inc., Appellee.**

No. 16195.

United States Court of Appeals Fifth Circuit.

Jan. 9, 1957.

Pinkney Grissom, Dallas, Tex., Chester Rohrlich, New York City, Morris Harrell, David M. Kendall, Jr., Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., Lehman, Goldmark & Rohrlich, New York City, of counsel, for appellants.

Henry Klepak, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a judgment on the merits permanently enjoining defendants, Royal Lace Paper Works, Inc., hereafter called "Royal", a New York corporation, and E. B. Mott Co., hereafter called "Mott", a Texas corporation, from using the trade name "Bug Ban" or any colorable imitation of plaintiff's product trade name, "Bug Proof", in the manufacture, sale, or distribution of insecticide shelf or lining paper and related products.

While the appellants do attack the findings on which the judgment was based as clearly erroneous and the conclusions of law as unwarranted, their fundamental, their basic attack upon the judgment is that the court was without jurisdiction, of the subject matter because neither the requisite diversity, the plaintiff as well as Mott being a citizen of Texas, nor the existence of a federal question was alleged or shown, and of the person of the defendant Royal, a New York corporation, for want of due service of process upon it.

In addition, they urge upon us that, entered as it was not after due service of process had been had, answers had been filed, and the cause had been heard on the merits, but at the conclusion of a hearing on an application for a temporary injunction, its entry was a denial of due process.

Because of these fundamental attacks on the judgment which we believe to be well taken, a chronological statement [1]

---

[1]. On April 11, 1956, plaintiff, a Texas Corporation, alleging that "one of the parties is a citizen of a different state" and that more than $3000 is in controversy, and praying for damages and injunction, temporary and permanent, filed this suit against the two appellants, the Mott Company, erroneously sued as Mott Stores, Inc., a citizen of Texas, and the Royal Lace Paper Works, Inc., a citizen of New York.

On April 23, pursuant to an order reading, "Mr. Clerk, you are hereby ordered to issue notice to the defendants and each of them to appear on the 19th day of May, 1956, at 10 o'clock A. M., and show cause why a temporary injunction should not be granted against each of them as prayed for in plaintiff's original com-

of the pleadings filed and the actions taken in the cause is in order.

■ It is perfectly clear, we think, that the court acted without any authority of law when, without affording the defendants an opportunity to make answers to, and prepare themselves for trial on, the merits, it summarily entered a final judgment on the merits at the conclusion of the preliminary injunction hearing, and that the judgment may not stand.

Because this is so, appellants' attacks upon the judgment on its merits present nothing for our consideration and, but for their claims that the court was without jurisdiction of the subject matter of the suit and the persons of the defendants, we should, vacating the judgment, reverse and remand the cause with directions to afford plaintiff an opportunity to obtain service on the defendants and the defendants an opportunity to answer and prepare for trial on the merits.

■■ The first of these claims, that the court erred in overruling the motion of appellant, Royal, to dismiss for want of jurisdiction over its person, or, in lieu, quash the service upon it, is so obviously

well taken as to require no comment other than to point to a record which fails to show that appellant was served with process according to law. Indeed the record affirmatively shows that Royal has not been served with process of any kind except a notice to appear at a hearing on a motion for preliminary injunction, and it is settled law [2] that, without personal service of process in accordance with a statute of the United States or the law of the state in which the suit is filed, the court was without jurisdiction to render a personal judgment against it.

■ This brings us to the contention of appellants, that, plaintiff and Mott being citizens of the same state, the diversity of citizenship requisite for jurisdiction upon that ground is lacking and the judgment of reversal should direct the dismissal of the cause for want of federal jurisdiction, and to appellee's counter contention which, though apparently not made below, is now put forward strongly in its brief and argument, that, under the Lanham Act, 15 U.S.C.A. §§ 1051 to 1127, particularly Sections 1121 and 1126, and Sections 1337 and 1338(a) of Title 28, jurisdic-

---

plaint", notice to both defendants was issued by the clerk and was served on the same day upon the defendant Mott in Dallas, Texas, and on defendant Royal in Brooklyn, New York, on May 4th.

No service of process within the jurisdiction of the court and in accordance with the Texas statutes was had or even attempted on Royal.

On May 14th, defendant Mott filed a motion to dismiss because the complaint shows on its face want of the requisite diversity and no facts are alleged to show that the court has jurisdiction under the Lanham Act or any other federal law; and on May 23rd, defendant Royal filed a similar motion to dismiss the action, or, in lieu thereof, to quash the return of service on it.

On May 26th, the matter was called for hearing on the application for temporary injunction, and defendant's motion to quash service and to dismiss for want of jurisdiction were denied. Witnesses for plaintiff and defendants were then heard on the application for temporary injunction, and at the conclusion of the hear-

ing the district judge, without obtaining the prior agreement of counsel thereto, indeed without prior warning to counsel or other indication of his intention so to do, peremptorily announced, "This hearing may be considered by both parties and the court as not preliminary but as a final hearing on this application for an injunction so that either party may appeal if they wish upon the entry of a decree for either one." This statement was followed immediately by findings and conclusions not with regard to plaintiff's right to a preliminary injunction, the only matter then before the court, but with regard to plaintiff's right to recover on the merits, a matter on which, since there was no service of process, no answers filed, and no trial afforded, the court was without right or authority to find or adjudge.

2. Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.; Lone Star Package Car Co. v. Baltimore & O. R. Co., 5 Cir., 212 F.2d 151.

tion of a naked claim for unfair competition exists independently both of diversity, and "of joinder with a substantial and related claim" under the rule announced in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, and codified in Section 1338(b) 28 U.S.C.[3]

Urging upon us, as correctly decided cases from the Ninth Circuit, Stauffer v. Exley, 184 F.2d 962, Pagliero v. Wallace China Co., 198 F.2d 339, and Ross Whitney Corp. v. Smith Kline, 207 F.2d 193, so holding and approved obiter in In re Lyndale Farm, 186 F.2d 723, at page 726, 38 C.C.Pa., Patents, 825, appellee strongly argues that we should follow their teachings and hold that, under the pleadings in this case, the court had jurisdiction of the subject matter of the suit.

Appellants, in their turn, rejecting these decisions as unsound guides and putting their trust in American Auto Association v. Spiegel, 2 Cir., 205 F.2d 771, L'Aiglon v. Lana Lobell, Inc., 3 Cir., 214 F.2d 649, and the numerous other cases they cite,[4] vigorously insist that the court was without jurisdiction.

It is appellee's claim, as stated above, that the Lanham Act, supra, created an independent federal cause of action for unfair competition and for infringement of unregistered trade marks. As we understand it, it bases this view on the provision in Sec. 1121 of the Act, that the district courts shall have original, and the appellate courts appellate "jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties", and on the provision of Sec. 1126 "International conventions—Register of marks communicated by international bureaus", and particularly subdivisions (b), (h) and (i) thereof.

It is appellants' contention: that Section 32 of the Act, 15 U.S.C. § 1114[5], the general statutory provision with reference to remedies for trade mark infringement, limits such remedies to the infringement in commerce of registered marks, which plaintiff's mark is not; that no cause of action is provided in this section for unfair competition as such; and that, contrary to appellee's contention, no other section of the Lanham Act makes any such provision.

Arguing that the Ninth Circuit cases, relied on by appellee, appear to constitute an illogical, unnecessary, and strained construction of the provisions of the Lanham Act, since Sec. 44 of the Act, 15 U.S.C.A. § 1126, on which they rely, relates specifically to international conventions and to trade entitled to protection under treaties to which the United States is a party, appellants urge upon us that had Congress intended to create an independent federal cause of action for unfair competition, it would not have done so by such a devious route, but would have directly said, as it did with reference to the infringement of a registered trade mark, that remedies were available for unfair competition. Quot-

---

3. "The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade mark laws." 28 U.S.C. § 1338(b).

4. Ross Products v. Newman, D.C.S.D.N.Y., 94 F.Supp. 566; Hosid v. Masbach, D.C. N.D.N.Y., 108 F.Supp. 753; Ronson Art Metal Works v. Gibson, D.C.S.D.N.Y., 108 F.Supp. 755; Elka Toy & Novelty Mfg. Corp. v. Fisher-Price Toys, Inc., D.C.S.D.N.Y., 136 F.Supp. 524; Old Reading Brewery v. Lebanon, D.C.M.D. Pa., 102 F.Supp. 434; L'Aiglon v. Lana Lobell, Inc., D.C.E.D.Pa., 118 F.Supp. 251; Allen v. Barr, 6 Cir., 196 F.2d 159;

Powder v. Powder, 7 Cir., 230 F.2d 409; Block v. Plaut, D.C.N.D.Ill., 87 F.Supp. 49; Landstrom v. Thorpe, 8 Cir., 189 F. 2d 46.

5. "(1) Any person who shall, in commerce, (a) use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of any registered mark in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods or services;" 15 U.S.C.A. § 1114 (1) (a).

ing with approval from Ross Products v. Newman, D.C., 94 F.Supp. 566 [6], in which the court, declining to follow the lead of the Stauffer case, cites 28 U.S.-C.A. § 1338(b), note 3, supra, as requiring a contrary conclusion, appellants insist that this view is clearly right, the opposite view as clearly wrong.

For the reasons hereafter briefly stated, we find ourselves in agreement with appellants' view that the Lanham Act does not support plaintiff's claim to jurisdiction, rather than with the view of appellee that it does.

Looked at independently of the decision cited and relied on by the parties and construed, as such a statute ought to be, as a consistent whole, we find no language in it in terms conferring jurisdiction as to claims dealing with unregistered trade marks or with unfair competition. Specifically concerned, as it is, with registered trade marks, it would, we think, be to rewrite instead of to construe the statute if we should read it as including within its scope unregistered trade marks or unfair competition generally.

Looking at the statute in the light of the history of federal jurisdiction over trade marks and unfair competition, culminating in the Oursler case and Sec. 1338(b), we think it would require much stronger and more definite assertion of jurisdiction than appears in it to construe it as throwing the doors of the federal courts wide open to any litigation over unregistered trade marks and unfair competition upon the mere claim that the claimed wrongs affect interstate commerce.

Turning to the decisions and comparing the views of the Court of Appeals for the Ninth Circuit with those of substantially all of the other courts that have written on the subject, we think that in the present state of the law it must be held that the Lanham Act was not intended to, it does not create an independent ground of federal jurisdiction of an action for unfair competition, and that, unless joined with a substantial related claim under Sec. 1338(b), federal jurisdiction over such an action does not exist.

The Stauffer opinion recognizes what is generally held elsewhere, that the Hurn case and, therefore, Sec. 1338(b), are concerned with the conditions under which federal courts may, in the absence of diversity of citizenship, adjudicate claims of unfair competition arising under state law, and that the purpose of Sec. 1338(b) is to extend federal jurisdiction by means of the rule that where jurisdiction is established on a federal ground, the court may dispose of the entire case before it, including the adjudication of any substantial related non federal grounds invoked for relief. Its whole thrust is directed toward the establishment of the proposition it stands for, that Congress, in the exercise of its power to repress unfair competition which affects interstate commerce, has, through the enactment of the Lanham Act and the granting of jurisdiction over actions arising under that act in Sec. 1337 and 1338(a) of Title 28, created an independent ground of federal jurisdiction over an action for unfair competition in respect to which reliance on Sec. 1338(b) is unnecessary.

6. "Under the interpretation set forth in the Stauffer case, Sec. 1338(b) is rendered a nullity, even though it is the most recent Congressional enactment on the subject. We do not believe that the Lanham Act requires any such result. It does no violence to the language of the Act to find that Congress, by making available to unfair competition claims remedies fashioned for infringement of registered trade marks, did not thereby intend to transmute such claims into 'actions arising under this chapter.' If Congress had intended to work so radical a change in the law, it undoubtedly would have embodied that purpose in clear and unmistakable language. Defendant's argument that the court has jurisdiction in this case under the Lanham Act must, therefore, be rejected, as, also, must be the other asserted bases of federal jurisdiction." Ross Products v. Newman, 94 F.Supp. at page 567.

Its effect is a general holding: that in a case where the alleged unfair competition, though local in the sense that defendant was transacting only intra-state business, nevertheless affects the plaintiff's interstate business, jurisdiction has been "unequivocally granted by the Lanham Act and §§ 1337 and 1338(a)"; and that, "if § 1338(b) is looked upon as limiting the jurisdiction thus granted, it can be only by construing § 1338(b) as an implied repeal of part of the Lanham Act". Stauffer v. Exley, supra, 184 F.2d at page 965.

In Pagliero v. Wallace China Co., the court speaking through the same judge, thus restated these views:

"While the complaint is denominated 'Complaint for Unfair Competition and Trade-Mark Infringement,' it is apparent that there is no registered trade-mark infringement involved. The words used to designate the designs were never registered under any law. The designs were neither patented, nor copyrighted. Hence, it is clear no jurisdiction exists in a federal court under 28 U.S.C.A. § 1338(b) because there is no 'related claim' disclosed in the complaint. Diversity of citizenship is not present since Wallace and Tepco are residents of California. There is, however, an independent ground for federal jurisdiction in a case such as this involving, as it does, a 'naked' claim of unfair competition. In Stauffer v. Exley, 9 Cir., 184 F.2d 962, we held that where there is present the requisite effect on interstate commerce, the Lanham Act created substantive rights and remedies available to United States citizens and neither diversity of citizenship nor jurisdictional amount need to present. 15 U.S.C.A. § 1121." 198 F. 2d at page 341.

Still later, in Ross-Whitney Corp. v. Smith Kline, 207 F.2d 193, the court, declaring that jurisdiction of the suit over the claim of unfair competition was properly entertained both because there was diversity of citizenship and because, under Sec. 1338(b) the claim was a substantial one and related to an allegation of infringement of a registered trademark, thus by way of lagniappe summarized the Stauffer ruling:

" * * * Furthermore, this court recently held in Stauffer v. Exley, 9 Cir., 184 F.2d 962, that the District Court has original jurisdiction over causes alleging unfair competition where the acts complained of affect interstate commerce even in the absence of diversity of citizenship of the parties and jurisdictional amount and where there is no substantial and related claim under the federal trade-mark laws. Citing 15 U.S.C.A. § 1126(b), (h) and (i)."

When we turn from these decisions to examine those of other courts which clearly and positively declare that the Lanham Act confers no independent ground of federal jurisdiction of suits for unfair competition, and particularly to the decision of the Court of Appeals for the Second Circuit, in American Auto Association v. Spiegel, supra, and the more elaborate and detailed discussion of the subject by the Third Circuit in L'Aiglon v. Lana Lobell, Inc., supra, we become even more convinced that the opinion in the Stauffer case, while good special pleading in support of the view it espouses, is not a correct statement of the law. This is so, among other reasons, upon the common sense principle that in giving the effect attributed by it to Section 1126, the opinion has taken out of context a subdivision of the section limited by and to the precise material with which the section deals and given it a position of dominance in the construction of the whole act entirely out of proportion to its place and significance in the act as a whole.

When too, it is considered that the decision in the Stauffer case, in full agreement with the views of other courts, holds that, except for the provisions of Section 1126, "International conventions,

etc.", the Lanham Act does not confer the jurisdiction claimed here, it seems clear to us that to find in the language of that wholly separate section the comprehensive extension of the scope of the act to include independent suits for unfair competition, is to proceed hind end to, to make the tail wag the dog.

No related claim under Sec. 1338(b) being claimed or shown, the court was without jurisdiction. Its judgment is, therefore, Reversed and the cause is Remanded for further and not inconsistent proceedings.