**SUBURBAN GAS SERVICE, INC.,** Suburban Gas Heat of Astoria, Inc., Suburban Gas Heat of Corvallis, Inc., Suburban Gas Service of Cottage Grove, Inc., Suburban Gas Heat of DeLake, Inc., Suburban Gas Heat of Eugene, Inc., Suburban Gas Heat of Enterprise, Inc., Suburban Gas Heat of Florence, Inc., Suburban Gas Heat of Hillsboro, Inc., Suburban Gas Heat of Lyons, Inc., Suburban Gas Service of McMinnville, Inc., Suburban Gas Heat of Newport, Inc., Suburban Gas Heat of Oakridge, Inc., Suburban Gas Heat of Pendleton, Inc., Suburban Gas Heat of Salem, Inc., Suburban Gas Heat of Seaside, Inc., Suburban Gas Heat of St. Helens, Inc., Suburban Gas Heat of Springfield, Inc., Suburban Gas Heat of Sweet Home, Inc., Suburban Gas Heat of Tillamook, Inc., Suburban Gas Heat of Portland, Inc., Suburban Gas Heat of Longview, Inc., Suburban Gas Heat of Kennewick, Inc., Suburban Gas Heat of Vancouver, Inc., and Suburban Gas Heat of Walla Walla, Inc., corporations, Plaintiffs,

v.

**W. Calder McCALL,** an individual, and Atlas Gas Company, Atlas Gas Company of Beaverton, Atlas Gas Company of DeLake, Atlas Gas Company of Eugene, Atlas Gas Company of Gresham, Atlas Gas Company of Newport, Atlas Gas Company of Ontario, Atlas Gas Company of Pendleton, Atlas Gas Company of Salem, Atlas Gas Company of Seaside, Atlas Gas Company of Springfield, McCall Oil Co. of Cowlitz County, Inc., the Atlas Gas Corporation, and the Atlas Gas Company of Kennewick, corporations, Defendants.

Civ. No. 10000.

United States District Court
D. Oregon.

April 3, 1959.

Hart, Rockwood, Davies, Biggs & Strayer and Henry T. Lowe, Jr., Portland, Or., for plaintiff.

Moe M. Tonkon and Philip A. Levin, Portland, Or., for defendant.

SOLOMON, Chief Judge.

This case is before the court on the motion of defendants to dismiss for lack of jurisdiction.

Plaintiffs, claiming jurisdiction under the Lanham Act, 15 U.S.C.A. § 1051 et seq., particularly §§ 1121 and 1126, seek damages and injunctive relief against defendants, alleging various acts of unfair competition. They also claim that defendants are infringing an unregistered trademark. There is no diversity of citizenship.

Plaintiffs assert that the Lanham Act gives this court jurisdiction on a naked claim of unfair competition, and they cite as controlling three cases decided by the Court of Appeals for this circuit. Stauffer v. Exley, 9 Cir., 1950, 184 F.2d 962; Pagliero v. Wallace China Co., 9 Cir., 1952, 198 F.2d 339; Ross-Whitney Corp. v. Smith Kline & French Laboratories, 9 Cir., 1953, 207 F.2d 190.

An examination of these cases reveals the fact that although broad language is used to the effect that federal courts have such jurisdiction, in each case there is an independent basis for jurisdiction. As Judge William Mathes, in his exhaustive opinion in Haeger Potteries v. Gilner Potteries, D.C.Cal.1954, 123 F. Supp. 261, so ably pointed out, the Stauffer and Pagliero cases involved substantial questions of unregistered trade names, which are specifically covered by the Act in § 1126(g-i), and the Ross-Whitney case involved both a federally registered trademark and diversity of citizenship. Judge Peirson Hall, in Panaview Door & Window Co. v. Van Ness, D.C.Cal.1954, 124 F.Supp. 329, citing Haeger came to the same conclusion and refused to retain jurisdiction in a case which involved only a claim of unfair competition.

Here there is no question of a trade name (either registered or unregistered) or a registered trademark. A fair interpretation of the Lanham Act does not warrant the conclusion that Congress intended to create a federal law of unfair competition, and this interpretation is supported by the weight of authority of cases in point. American Auto Ass'n v. Spiegel, 2 Cir., 1953, 205 F.2d 771, certiorari denied 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391; L'aiglon Apparel v. Lana Lobell, Inc., 3 Cir., 1954, 214 F.2d 649; Royal Lace Paper Works, Inc. v. Pest-Guard Products, 5 Cir., 1957, 240 F.2d 814.

In view of these facts, I agree with Judge Mathes' conclusion that it is proper to construe the Court of Appeals cases of this circuit as being only as broad as necessary to sustain federal jurisdiction in those cases.

I am acquainted with the holding in the case of Heath v. Montgomery Ward, D.C.Cal.1957, 114 U.S.P.Q. 60, and do not agree with it.

Defendants' motion to dismiss is granted.