**TURNER HALL CORPORATION,**
Plaintiff,

v.

**STYLORS, INC., Defendant.**

Civ. No. 4694.

United States District Court
S. D. Florida,
Jacksonville Division.

July 11, 1962.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., Kirschstein, Kirsch-

stein & Ottinger, New York City, for plaintiff.

Baldwin & Martin, Jacksonville, Fla., for defendant.

SIMPSON, Chief Judge.

The original complaint in this cause contained three causes of action. This Court, by its Order of November 9, 1961, granted defendant's motion to dismiss counts 2 and 3 of the complaint, with leave to plaintiff to file an amended second count. The Court also granted defendant's motion for More Definite Statement as to certain particulars.

Plaintiff filed an Amended Second Cause of Action on November 29, 1961. Defendant filed its Answer to plaintiff's first cause of action but moved to dismiss and strike the Amended Second Cause of Action.

This Court, by Order of November 29, 1961, granted plaintiff's motion for rehearing and vacated that portion of the November 9, Order which granted defendant's motion to dismiss the third cause of action.

On January 3, 1962, plaintiff filed the more definite statement required by the Court's Order of November 9, 1961.

This cause came on to be heard before the Court on all pending motions on June 20, 1962. Counsel for all affected parties having been heard, and upon consideration of their Memoranda filed with the Court, it is

ORDERED:

1. Defendant's motion to dismiss plaintiff's second amended cause of action is granted.

The allegations contained in plaintiff's amended second cause are essentially repetitions of the allegations contained in plaintiff's first cause of action, which defendant has already answered. That first cause is grounded on two theories of recovery, (1) defendant's infringement of plaintiff's common-law trademark, and (2) unfair competition by defendant in wilfully deceiving the public and the trade to plaintiff's injury.

 The amended second cause adds no new factual allegations to the first cause and is based on the same theories of recovery. It serves no purpose and is therefore dismissed.

2. Upon reconsideration, defendant's motion to dismiss plaintiff's third cause of action is denied. The Court's earlier ruling, granting defendant's motion to dismiss was based on the authority of Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., 240 F.2d 814 (5 C.A., 1957). That case dealt with a cause of action based on plaintiff's contention that defendant had unfairly infringed on plaintiff's common-law trademark.

The plaintiff, in Royal Lace argued that this cause arose under section 44(a) of the Lanham Act, 15 U.S.C.A. § 1126(a) and that section 39 of that Act, 15 U.S.C.A. § 1121, gave the federal courts jurisdiction over the cause. The Court held that section 44(a) did not create a federal cause of action for unfair competition, relying on the decision of the Third Circuit in the case of L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 214 F.2d 649 (3 C.A., 1954).

In the L'Aiglon case, the Court held that section 44(a) of the Lanham Act did not create an independent federal cause of action but held that section 43 (a), dealing with false advertising, did create a cause of action over which the federal courts had jurisdiction as provided by section 39. The part of the complaint alleging defendant's false advertising was upheld.

 In the present case, the first cause of action alleges infringement of a common-law trademark and unfair competition. This Court's jurisdiction rests on diversity of citizenship as to that first cause. The third cause of action alleges false advertising by defendant. Following the distinction made in the L'Aiglon case, this Court has jurisdiction over a cause arising under section 43(a), as provided by section 39

 Defendant contends that plaintiff must charge defendant with passing off its product as plaintiff's in order to state a claim under section 43(a). That section is not so limited. It provides that a violator is "liable to a civil action by * * * any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

Plaintiff has alleged that it is likely to be damaged within the broad coverage of section 39. No showing has been made that Congress intended to limit this broad language to those plaintiffs who would be damaged by defendant's passing off its product as plaintiff's.

Defendant shall have twenty (20) days from the entry of this Order to file its answer to plaintiff's third cause of action.