**ALUM–A–FOLD SHUTTER CORPORA-
TION, Plaintiff-Appellant,**

**v.**

**FOLDING SHUTTER CORPORATION
et al., Defendants-Appellees.**

**No. 30913.**

United States Court of Appeals,
Fifth Circuit.

May 7, 1971.

John Cyril Malloy, W. H. Stiles, Miami, Fla., for plaintiff-appellant.

William Phillips, Morton A. Orbach, Phillips & Phillips, P.A., Miami, Fla., for defendants-appellees.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

BELL, Circuit Judge:

Appellant brought this action in the district court seeking relief against a competitor in the aluminum shutter business for what was styled false representations and misrepresentations in the origin and description of goods in commerce. Jurisdiction was predicated on § 43(a) of the Lanham Act, 15 U.S.C.A. § 1125. See also 15 U.S.C.A. § 1121.[1] The district court dismissed on defendant's motion for lack of jurisdiction, grounding its decision on our opinion in Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., 5 Cir., 1957, 240 F.2d 814. We reverse.

In a case coming to us as this one does from a dismissal on the complaint, we must take the allegations of the complaint as true. We must also apply the rule that a complaint is not to be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80. Barber v. Motor Vessel "Blue Cat", 5 Cir., 1967, 372 F.2d 626. These rules are applicable in a situation such as that

---

1. 15 U.S.C.A. § 1121 provides:
   "The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

presented here where the factual allegations are determinative of jurisdiction.

Appellant is in the business of manufacturing folding aluminum shutters. In connection with this work it designed, manufactured and sold shutters which were of its original design. In connection with these sales, appellant authored certain literature with drawings and specifications relating to its shutters. This advertising material was used widely and extensively in sales efforts by appellant.

It was also alleged that defendant copied the shutters being manufactured and sold by appellant and also copied and published as its own the advertising material of appellant. This material depicted, illustrated and referred to shutters sold by the parties in interstate commerce.

We agree with the district court that "no independent ground of federal jurisdiction for unfair competition was created by the Lanham Act" under § 44. 15 U.S.C.A. § 1126. Royal Lace Paper Works, Inc. v. Pest-Guard Products, Inc., supra; L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., 3 Cir., 1954, 214 F.2d 649; American Auto Association v. Spiegel, 2 Cir., 1953, 205 F.2d 771. However a different outcome obtains under § 43(a). That section provides in part that "(a)ny person who shall * * * use in connection with any goods or services * * * any false description or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce * * * shall be liable to a civil action by * * * any person who believes that he is or is likely to be damaged by the use of any such false description or representation." 15 U.S.C. § 1125(a).

While we have not had occasion to pass on this section of the Act, other jurisdictions have uniformly held that it does create a federal cause of action for false representation of goods in commerce. Samson Crane Co. v. Union Na-

tional Sales, Inc., D.C.Mass.1949, 87 F. Supp. 218, aff'd per curiam, 1 Cir. 1950, 180 F.2d 896; L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., supra; Federal-Mogul-Bower Bearings, Inc. v. Azoff, 6 Cir. 1963, 313 F.2d 405; Bernard Food Industries, Inc. v. Dietene Co., 7 Cir. 1969, 415 F.2d 1279; Turner Hall Corporation v. Stylors, Inc., S.D.Fla. 1962, 207 F. Supp. 865. We think the Third Circuit correctly interpreted this section in L'Aiglon Apparel v. Lana Lobell, Inc., supra:

"It seems to us that Congress has defined a statutory civil wrong of false representation of goods in commerce and had given a broad class of suitors injured or likely to be injured by such wrong the right to relief in the federal courts. This statutory tort is defined in language which differentiates it in some particulars from similar wrongs which have developed and have become defined in the judge made law of unfair competition. Perhaps this statutory tort bears closest resemblance to the already noted tort of false advertising to the detriment of a competitor, as formulated by the American Law Institute out of materials of the evolving common law of unfair competition. See Torts Restatement, Section 761, supra. But however similar to or different from pre-existing law, here is a provision of a federal statute which, with clarity and precision adequate for judicial administration, creates and defines rights and duties and provides for their vindication in the federal courts." 214 F.2d at 651.

Defendant maintains nevertheless that the complaint does not state a cause of action under § 43(a) because it fails to allege any false description or representation of the identification of the goods or services involved. It appears, however, that the district court did not reach this question. Its order simply dismissed on the ground that there is no federal action for unfair competition without mention of the narrower cause of action delineated in § 43(a). Whether

**558**

appellant in fact has a cause of action under § 43(a) is yet to be determined. It is enough to say now that under notice pleading concepts, such a cause of action has been alleged.

Reversed and remanded for proceedings not inconsistent herewith.