## CHAMBERLAIN et al. v. COLUMBIA PICTURES CORP.

### No. 12554.

United States Court of Appeals Ninth Circuit.

Jan. 18, 1951.

Harry E. Sokolov, Los Angeles, Cal., for appellant.

Mitchell, Silberberg & Knupp and Leonard A. Kaufman, all of Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

The District Court dismissed appellants' complaint on the ground that it did not state a cause of action. Appellants attempted to allege a cause of action for unfair competition and a violation of a trademark. The complaint alleged in substance that appellants Chamberlain and Central Hanover Bank Company are the trustees of the estate of the late Samuel L. Clemens (Mark Twain); that Mark Twain Company is a corporation organized by Samuel L. Clemens during his lifetime for the purpose of engaging in the business of exploiting and publishing the literary property written by him and for the purpose of development of the name "Mark Twain;" Clara Clemens Samossoud is the sole heir of Samuel L. Clemens, deceased. It is alleged that appellants claim all rights possessed by Clemens at the time of his death in literary property, including the copyright to most of Clemens' works; that the name "Mark Twain" was used by Clemens to designate himself as the author of his works; that the name acquired considerable popularity because of the excellent quality of the works to which it was attached; that appellants are deriving income from exploiting, publishing, selling and licensing "Mark Twain" works. It is further alleged that the name "Mark Twain" has been registered under the federal trade-mark law and under the trade-mark laws of the various states, and has been licensed by appellants for use in connection with literary products and for commercial purposes in connection with non-literary products. The complaint further alleges that appellee has

been exhibiting throughout the United States a motion picture produced by defendant entitled "Best Man Wins," and advertising this picture in such a way as to give the impression that Samuel L. Clemens wrote the story, in that appellee's advertisements say their picture is "A Story only Mark Twain Could Tell," "Mark Twain's Favorite Story," "Mark Twain's Tale of a Gamble in Hearts," and other similar statements. It is alleged that Clemens never wrote a story entitled "Best Man Wins," and that the motion picture bears only slight resemblance to the Mark Twain short story, "The Celebrated Jumping Frog of Calaveras County." It is further alleged that the picture "Best Man Wins" is "an inferior motion picture photoplay," which "tells a very common, ordinary and what is commonly characterized in the motion picture theatrical industry as a 'corny' love story." Further, it is alleged, that the quality of this picture, coupled with the representation that the story was written by Clemens, has depreciated the value of those literary works of Mark Twain which are protected by copyright and of the trade name "Mark Twain," in connection with its use in other commercial enterprises. (Since the "Jumping Frog" is in the public domain there is no claim of copyright infringement.)

The prayer of the complaint is for an injunction against further misleading advertisements, an accounting of the gross receipts in connection with the motion picture, damages and other appropriate relief.

The District Court concluded that inasmuch as the story "Jumping Frog of Calaveras County" was in the public domain and that there is also, in the public domain, other historic material with the name "Mark Twain" which belongs to everybody and since there exists no exclusive right to the use of the name "Mark Twain" there was no unfair competition in what appellee did.

The cause of action attempted to be set forth in the amended complaint is not bottomed on a claim of exclusive use or validity of trade-mark. Prior to the Lanham Act of 1946, 15 U.S.C.A. § 1051 et seq., appellants' claim arising out of the allegedly valid registration of a trade-mark under the Federal Trade-Mark Law would have been significant in determining the jurisdiction of the federal court but would not have given rise to a separate "cause of action." Cf. Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. Various provisions of the Lanham Act now give protection under federal law regardless of the registration under federal law of the trade name concerned, provided the unfair competition takes place in interstate commerce. See, Stauffer v. Exley, 9 Cir., 1950, 184 F. 2d 962. The merit of the attempted statement of a cause of action in the amended complaint, if any, must be found in its relation to the remedies conferred under § 1125, T. 15 U.S.C.A., that being the section appellants are attempting to invoke. Said section, as it applies here, provides that any person "who shall * * * use in connection with any goods or services * * * a false designation of origin, or any false description or representation, including words * * * tending falsely to describe or represent the same, and shall cause such goods or services to enter into commerce, * * * shall be liable to a civil action by any person * * * who believes that he is or is likely to be damaged by the use of any such false description or representation."

We have hereinbefore detailed the allegations relative to the misrepresentations made upon which appellants rely. From those allegations appellants plead the conclusion that the story thus falsely described and represented was of such an inferior and "corny" character as to bring all Mark Twain's stories into disrepute and thereby lessen the value of his literary products, and that inasmuch as appellants are engaged in marketing certain literary works of Mark Twain and in exploiting and licensing the name "Mark Twain", and have the exclusive right so to do, that the false representations and descriptions used by appellee in advertising the inferior picture "Best Man Wins" will damage them. In arriving at a conclusion as to whether the amended complaint states a cause of action

we take as true all allegations well pleaded. We are not concerned with proof. At first blush it might be said that the allegations made fit snugly into the provisions of § 1125, T. 15 U.S.C.A. However, we do not think said section changes the fundamental requirements necessary to sustain a suit for unfair competition, one such requirement being a direct injury to the property rights of a complainant by passing off the particular goods or services misrepresented as those of complainant. Deceiving the public by fraudulent means, while an important factor in such a suit, does not give the right of action unless it results in the sale of the goods as those of the complainant.[1] Here the advertising in no manner intimated that the story on which the "Best Man Wins" was based was the property of appellants. They had no more right to the use of the story "Jumping Frog of Calaveras County" than did appellee. There is no *passing off* other than alleged misrepresentation of the authorship of the story. Appellants do not have the right to the exclusive use of the name "Mark Twain". It is not alleged that appellee is selling the story as appellants' story; their complaint is that the association of the name "Mark Twain" with a "corny" production injures appellants' chances to sell other works of that eminent author by detracting from his fame as such. To our minds this is a nebulous, far-fetched conclusion. We could almost take judicial notice of the fact that the fame of "Mark Twain" cannot be so easily marred. Of course we realize that a determination of the weight of evidence that might be produced is not our function here. We mention it merely to point up the weakness of the allegations made. We repeat, there is nothing in the advertisements that could lead anyone to believe that "Best Man Wins" is the goods or business of appellants or that appellants are in any manner connected with the picture or story. Appellants do not have a monopoly. They own only a portion of the extant works of Mark Twain. In order to entitle appellants to the relief sought it would be necessary for them to allege that they have an exclusive right to the use of the story in question and they must be injured directly by appellee's acts. Cf., Mosler Safe Co. v. Ely-Norris Safe Co., 273 U.S. 132, 47 S.Ct. 314, 71 L. Ed. 578.

Here appellee is not attempting to appropriate values that are the property of appellants because the story "Jumping Frog of Calaveras County" is not owned by appellants. It is not alleged that appellants acquired all rights and privileges as to the use of his stories then extant which Samuel L. Clemens may have had prior to his death and in fact it is doubtful such an allegation could be successfully made.

It is argued that injunctive relief has been granted on the theory of dilution of the value of literary property. We do not so construe the authorities cited in support of that contention. We think those cases were based upon unfair competition wherein *passing off* was involved and wherein the plaintiffs had proven secondary meaning. We think the name Mark Twain is incapable of acquiring a secondary meaning in connection with literary property. The name Mark Twain, from a literary standpoint, indicates only the writings of Samuel L. Clemens, which is a primary meaning. Establishment of a secondary meaning is necessary in order to sustain an action for unfair competition where the goods are entirely non-competing and unrelated. Centering our sights upon the situation in this case as it is presented by the allegations of the amended complaint we find it distinguishable from the authorities upon which appellants rely in that appellants have no right to the exclusive use of the name Mark Twain; that the name has no secondary meaning and the sole rights inherited from Samuel L. Clemens were to certain copyrighted stories of which the story in question here was not included.

Order affirmed.

[1]. Cf., American Washboard Co. v. Saginaw Mfg. Co., 6 Cir., 103 F. 281; Borden's Condensed Milk Co. v. Horlick's Malted Milk Co., D.C., 206 F. 949; Armstrong Cork Co. v. Ringwalt Linoleum Works, D.C., 235 F. 458; California Apparel Creators v. Wieder of California, 2 Cir., 1947, 162 F.2d 893, 174 A.L.R. 481.