**BOHSEI ENTERPRISES CO., U.S.A., Plaintiff,**

v.

**PORTEOUS FASTENER COMPANY, et al., Defendants.**

**No. CV 77–1241–R.**

United States District Court, C. D. California.

Nov. 16, 1977.

---

Ervin, Cohen & Jessup, Beverly Hills, Cal., for plaintiff.

Thorpe, Sullivan, Workman, Thorpe & O'Sullivan, Los Angeles, Cal., for Porteous Fastener Co.

Sullivan & Cromwell, New York City, Lillick McHose & Charles, Los Angeles, Cal., for Russell, Burdsall & Ward, Inc.

Glad, Tuttle & White, Los Angeles, Cal., for Rockford Screw Prod. of Cal.

Thorpe, Sullivan, Workman, Thorpe & O'Sullivan, Los Angeles, Cal., for Lamson & Sessions, Inc.

Powers & Tilson, Los Angeles, Cal., for ITT Harper, Inc.

OPINION

REAL, District Judge.

The defendants have variously moved for dismissal of the action brought by plaintiff. More specifically the motions are:

1. By defendant Rockford Screw Products of California (hereafter Rockford)—Motion for Judgment on the Pleadings.

2. By defendant Russell, Burdsall & Ward, Inc. (hereafter Russell)—Motion to Dismiss.

3. By defendant ITT Harper, Inc., (hereafter ITT)—Motion to Dismiss, Strike and for More Definite Statement.

Plaintiff Bohsei Enterprises Company, U.S.A. (hereafter Bohsei) is in the business of importing industrial fasteners, i. e., screws, nuts, bolts, etc. Each of the defendants are competitors of Bohsei in the sale of fasteners to wholesale distributors, jobbers and others for eventual resale.

Bohsei brings this action under the Trademark Act of 1946, commonly known as the Lanham Act [15 U.S.C. § 1051 *et seq.*] More particularly plaintiff's first claim is grounded in the provisions of 15 U.S.C. § 1125, which provides in pertinent part:

§ 1125. False designations of origin and false descriptions forbidden.

(a) Any person who shall affix, apply, or annex, or use in connection with any goods . . ., or any container or containers for goods, a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same, . . . shall be liable to a civil action . . .

Bohsei alleges that defendants re-package the fasteners they import and fail to mark

the re-packaged fasteners with a label or designation of the true country of origin. Bohsei claims that the failure of defendants to mark the true country of origin on the re-packaged fasteners creates the false impression that the fasteners are made in the United States. Another claimed violation is that defendants do on occasion mark their packages with the words "United States" or with the names of various cities within the United States where defendants may operate fastener packaging facilities.

Bohsei's second claim is a pendent state claim for unfair competition.

Defendants' various motions present fundamentally a single issue. Is an omission of the true country of origin cognizable within the Lanham Act? Though the Lanham Act has been broadly interpreted no Court has definitively analyzed the role of an omission as "a false designation of origin, or . . false description or representation." Defendants press upon the Court the holding of *Alfred Dunhill Limited v. Interstate Cigar Co., Inc.,* 499 F.2d 232 (2nd Cir. 1974) as precluding an omission of a material fact from the reaches of the Lanham Act. Defendants misread the ratio decidendi of *Dunhill*. The Court in *Dunhill* did not decide that an omission was not cognizable under the Lanham Act. What the Court did decide was that "*under the circumstances of this case*" (emphasis supplied) plaintiff [Dunhill] was not entitled to relief either under the Federal Trade Commission Act nor the Lanham Act. Any doubt is resolved when the Court says, at page 238,

> Were we for a moment to ignore the barriers which stand in the way of the District Court's merger of Federal Trade Commission Act and the Lanham Act, Dunhill would still present a very poor claim as victim of an unfair or deceptive trade practice. . . . , Interstate acquired the tobacco from Dunhill, its insurers or agents, which had voluntarily relinquished title to the goods without attaching any conditions to their resale, and sold the tobacco at cut rates without making any affirmative claims to the effect that these were first quality goods.

If Dunhill had wished to distinguish the salvaged tobacco from that sold through its normal channels of distribution, it should have done so while the allegedly damaged tobacco was still under its control and before it was released into the salvage markets. From the beginning Dunhill was in the best position to effect the relabeling. It would be unfair, under the circumstances, for one party in the chain of distribution to impose upon another further down the line an obligation to decrease the value of goods.

Plaintiff here alleges that the omission is unfair competition because "the omission" falsely represents that the product (fasteners) sold by defendants is a superior domestic product. The law of false representation must necessarily include the omission of the material fact of origin that affirmatively says in the context in which fasteners are sold "I am a product of the United States." Concern over the materiality of such an omission particularly in the context of imported goods was expressed by Congress when it enacted 19 U.S.C. § 1304 requiring imported articles to be "marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article (or container) will permit in such manner as to indicate to an ultimate purchaser . . . the country of origin of the article." To hold that omission of such a material fact is not such a false representation as to affect the competition of the sale to the detriment of a seller who complies with the mandate of 19 U.S.C. § 1304 requires an utterly naive view of the realities of the market place. More importantly, it would promote disregard for the provisions of 19 U.S.C. § 1304. Experience has taught the courts that the concept of the private attorney general has been a vigorous and needed method for the protection of competition under the antitrust law. To eschew the justice that experience has shown us by judicial narrowing of the concept of fraud and deceit because it is embodied in the Lanham Act would be pure legal folly that this Court must necessarily reject.

*Chamberlain v. Columbia Pictures Corp.,* 186 F.2d 923 (9th Cir. 1951) cited by Defendant Russell as dispositive of plaintiff's complaint helps defendants position very little. The Court in *Chamberlain* was concerned with a "palming off" case and nothing more. Plaintiff in *Chamberlain* was complaining that defendant's advertising of its inferior photoplay "Best Man Wins" was being palmed off as the work of Mark Twain. The damage alleged was to plaintiff's interest in a Mark Twain trademark. The Court found no palming off and therefore no Lanham Act cause of action. To read anything more into the factual context of *Chamberlain* is to disregard the Court's footnote 1 and the cases cited there as an indication that the unfair competition law the Court was applying was impacted by trade-mark and trade-name considerations. Here the false representation plaintiff cites as unfair competition is not that defendant's product is plaintiff's rose by another name but rather that defendant's products are by the omission of the country of origin giving an aura of quality that consumers attribute to domestic as opposed to foreign goods.

Moreover, plaintiff does allege affirmative misrepresentations. Those misrepresentations are alleged to be the printing on the packages and containers the words "United States" or names of various cities in the United States in such a manner as to give the false impression that defendants' fasteners are of domestic rather than foreign manufacture. Perhaps in either case plaintiff may not be able to carry its burden of proof sufficiently to convince a trier of fact of the real effect of such omissions or printed localities. Pleadings and the right to attempt to prove liability have never been circumscribed by any perception of the difficulty of proof and none should be applied here. Defendants' other claims of deficiency of plaintiff's causes of action are without merit.

The motions of the defendants are each denied.