681 F.2d 1159
 216 U.S.P.Q. 1077
 U-HAUL INTERNATIONAL, INC., an Oregon corporation, Plaintiff-Appellee,
v.
JARTRAN, INC., a Florida corporation; and Sandra C. Tinsley,
Inc., Defendants-Appellants,
James A. Ryder, an individual, Defendant.
JARTRAN, INC., Counterclaimant,
v.
U-HAUL INTERNATIONAL, INC., Counterdefendant.
 No. 81-5195.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 3, 1982.
Decided July 21, 1982.
 
 Arthur P. Greenfield, Winston & Strawn, Phoenix, Ariz., argued, for defendants-appellants; Daniel J. McAuliffe, Snell & Wilmer, Phoenix, Ariz., John T. Behrendt, Gibson, Dunn & Crutcher, Los Angeles, Cal., on brief.
 William S. Hawgood, II, Streich, Lang, Weeks & Cardon, Phoenix, Ariz., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before WRIGHT, SNEED, and ALARCON, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 Jartran, Inc. appeals from a preliminary injunction against advertisements which, by describing its truck and trailer services in a certain fashion, compared such services to those of U-Haul International, Inc., the plaintiff below. The newspaper advertisements in question had headlines such as "Compare before you make a move," "The new way to move yourself," and "Why rent a truck that may deliver only 5 mpg? Jartran guarantees you 10 mpg or more." Nearly all the ads contained the slogan "No one can rent you a truck (or trailer) like Jartran can." Several of them showed pictures of a new Jartran and an allegedly older U-Haul truck or trailer, some with labels on the photo demonstrating the Jartran truck's alleged larger cubic capacity. Other advertising, while not mentioning U-Haul or using a picture of a U-Haul truck, implicitly compared Jartran with U-Haul, since U-Haul in the pertinent markets had virtually 100% of the one-way trailer rental market and about 80% of the one-way and local truck rental market.
 
 
 2
 U-Haul alleges that Jartran's advertisements falsely represented certain aspects of the quality and characteristics of Jartran's goods and services. The district court agreed and enjoined advertising which represented that Jartran's trucks and trailers were safer, more stable, more fuel efficient, and better designed than were U-Haul's. E.R. 255-57.
 
 
 3
 The amended complaint by U-Haul asserted violations of the Lanham Act, 15 U.S.C. §§ 1125(a) and 1126, as well as certain pendant claims. Jurisdiction of the district court consequently rested on 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) with respect to the alleged Lanham Act violations, and 28 U.S.C. § 1338(b) with respect to the pendant claims. Diversity jurisdiction under 28 U.S.C. § 1332 was also asserted by U-Haul. The district court, 522 F.Supp. 1238, relying primarily on Skil Corp. v. Rockwell International Corp., 375 F.Supp. 777 (N.D.Ill.1974), found that Jartran had violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and that jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) existed.
 
 
 4
 Jartran's appeal from the district court's judgment primarily rests on the contention that section 43(a) is limited to "palming off" or its economic equivalent.[1] If it were correct in this contention, the issuance of the preliminary injunction, at least in its present form, would have been improper. Jartran is not correct, however. Section 43(a) is not so limited. Therefore, issuance of the preliminary injunction was proper.
 
 ANALYSIS
 
 5
 Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), provides:
 
 
 6
 (a) Any person who shall affix, apply, ... or use in connection with any goods or services ... a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same ... and shall cause such goods or services to enter into commerce ... shall be liable to a civil action by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation. (emphasis added.)
 
 
 7
 Relying on the First Circuit case, Samson Crane Co. v. Union National Sales, Inc., 87 F.Supp. 218 (D.Mass.1949), aff'd mem., 180 F.2d 896 (1st Cir. 1950), dicta in certain of our cases, and legislative history, Jartran asserts that section 43(a), being limited to "palming off," or "passing off," or its economic equivalent, does not embrace mere false statements of fact about its goods and services. We do not find the statute to be so narrow. A literal reading of section 43(a) indicates that it embraces either a "false designation of origin" or a "false description or representation." Chevron Chemical Co. v. Voluntary Purchasing Groups, 659 F.2d 695, 700-01 (5th Cir. 1981).[2]
 
 
 8
 This literal reading of the statute has not been ignored. Other circuit and district courts that have considered the question have held section 43(a) applicable to false advertising regarding the goods and services of the advertiser. E.g., Vidal Sassoon, Inc. v. Bristol-Myers Company, 661 F.2d 272, 277-78 (2d Cir. 1981); Alum-A-Fold Shutter Corp. v. Folding Shutter Corp., 441 F.2d 556, 557-58 (5th Cir. 1971); L'Aiglon Apparel v. Lana Lobell, Inc., 214 F.2d 649, 651 (3d Cir. 1954); Gold Seal Co. v. Weeks, 129 F.Supp. 928, 940 (D.D.C.1955), aff'd sub nom. S. C. Johnson & Sons, Inc. v. Gold Seal Co., 230 F.2d 832 (D.C.Cir.1956). Samson Crane, albeit influential for a number of years, is not persuasive. It has been criticized by a leading scholar, see Derenberg, Federal Unfair Competition Law at the End of the First Decade of the Lanham Act: Prologue or Epilogue?, 32 N.Y.U.L.Rev. 1029, 1041-43, 1046-47 (1957); its holding was only an alternative basis for the court's decision, see Skil Corp. v. Rockwell International Corp., 375 F.Supp. at 785-86; and its vitality has been questioned in the very district and circuit in which it originated, see Electronics Corp. of America v. Honeywell, Inc., 358 F.Supp. 1230, 1232-33 (D.Mass), aff'd per curiam, 487 F.2d 513 (1st Cir. 1973).
 
 
 9
 This court has not directly addressed the issue of the applicability of section 43(a) to the type of false advertising that exists in this case. However, in Saxony Products v. Guerlain, 513 F.2d 716 (9th Cir. 1975) (following remand, 594 F.2d 230 (9th Cir. 1979) (per curiam)), this court, while rejecting the plaintiff's trademark infringement claim under section 43(a), remanded the case for trial on a section 43(a) false comparative advertising claim, 513 F.2d at 721-23. This amounts to an implicit holding that a cause of action under section 43(a) exists for falsely representing the facts with respect to a product of the defendant.
 
 
 10
 In addition, we explicitly rejected the idea that section 43(a) is limited to "palming off" in Smith v. Montoro, 648 F.2d 602, 604 (9th Cir. 1981).[3] In that case Smith claimed that a film distributor advertised a movie, in which Smith starred, as starring another actor. This claim was one of "reverse palming off," which occurs when one removes or obliterates the original trademark on goods produced by another, without authorization, before reselling them. Id. at 605, 607. Jartran argues that "reverse palming off," unlike its false advertising, is the economic equivalent of "palming off." Thus, Jartran argues that Smith does not make its false advertising actionable. We decline to read Smith so narrowly. Even though its applicable language may be characterized as dicta, it expresses a viewpoint which we should not ignore. False statements of fact in a defendant's advertising concerning his product fit comfortably within the language of section 43(a).
 
 
 11
 The cases of this court cited by Jartran do not compel a more narrow reading. Toho Company, Ltd. v. Sears, Roebuck & Co., 645 F.2d 788, 790 (9th Cir. 1981); International Order of Job's Daughters v. Lindeburg and Company, 633 F.2d 912, 918 (9th Cir. 1980); and New West Corp. v. NYM Co. of Cal., 595 F.2d 1194, 1198 (9th Cir. 1979), all decided before Smith, involve claims of false designation of origin, or "palming off." Understandably, they neither concern nor address the application of the "false representation" portion of section 43(a); therefore, they do not prevent giving section 43(a) an effect consistent with its plain meaning. The same can be said of Chamberlain v. Columbia Pictures Corp., 186 F.2d 923 (9th Cir. 1951). This case, which has been criticized by commentators,[4] was essentially a "palming off" case, and again did not specifically address the applicability of section 43(a) to false advertising.
 
 
 12
 Jartran asserts that the legislative history of the Lanham Act indicates a congressional intent to limit section 43(a) to "palming off." We do not agree. The intent of the Congress in passing section 43(a) was to create a right of action for a competitor to stop the kind of unfair competition in interstate commerce in which the district court found Jartran was engaged. We agree with the court in Skil Corporation that: "Quite clearly, the Congressional intention was to allow a private suit by a competitor to stop the kind of unfair competition that consists of lying about goods or services, when it occurs in interstate commerce." 375 F.Supp. at 784-85. The section embodies a departure both from the common law action for trade disparagement and from its predecessor, the Trademark Act of 1920. Id.; Johnson & Johnson v. Carter-Wallace, Inc., 631 F.2d 186, 189 (2d Cir. 1980); L'Aiglon Apparel, 214 F.2d at 651. Unlike prior law, the Lanham Act is directed toward protecting the consumer as well as the competitor from false and deceptive advertising. Congress intended "to protect the public from imposition by the use of ... false trade descriptions." U.S.Code Cong.Serv., 79th Cong.2d Sess. 1274, 1275 (1946). It would not support the goals of the Act to hold the kind of deception Jartran practiced in its advertising not actionable under section 43(a).
 
 
 13
 In sum, we hold that U-Haul's claim that Jartran falsely represented its products and services in its comparative advertising campaign in interstate commerce states a cause of action under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Thus, the district court had jurisdiction to enter a preliminary injunction against such advertising.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 "Palming off" or "passing off" is the selling of a good or service of one's own creation under the name or mark of another. Smith v. Montoro, 648 F.2d 602, 604 (9th Cir. 1981)
 
 
 [2]
 The court in Chevron noted that: "the essential misrepresentation in 'false advertising,' which we have noted forms the basis of the 'false representation' leg of § 43(a), is fundamentally different from the essential misrepresentation in ('passing off'): in the former case, the defendant makes no secret of the origin of the goods in himself, but merely misrepresents certain qualities or characteristics that his goods may or may not have; in the latter case, the defendant misrepresents his goods to be those of another." 695 F.2d at 701
 
 
 [3]
 In this case we observed:
 To the extent that the district court's standard for section 43(a) claims could be read as limiting such claims to cases of palming off, such a narrow rule would be contrary to established case law. As one commentator has explained, the law of unfair competition and trademarks "has progressed far beyond the old concept of fraudulent passing off, to encompass any form of competition or selling which contravenes society's current concepts of 'fairness' ...." 2 J. McCarthy, (Trademarks and Unfair Competition (1973) ). See also, e.g., L & L White Metal Casting Corp. v. Joseph, 387 F.Supp. 1349, 1356 (E.D.N.Y.1975) ("The purpose of (section 43(a) ) was to create a new federal cause of action for false representation of goods in commerce in order to protect persons engaged in commerce from, among other things, unfair competition, fraud and deception which had theretofore only been protected by the common law. While this section is broad enough to cover situations involving the common law 'palming off' of the defendants' products by the use of the plaintiff's photographs, it is also comprehensive enough to include other forms of misrepresentation and unfair competition not involving 'palming off.' ") (citations omitted). 648 F.2d at 604.
 See also id. at 604 n.1 (citing numerous decisions from other circuits similarly reflecting an expansive interpretation of section 43(a)). We express no opinion on whether section 43(a) is as broad as the quotation from J. McCarthy might suggest.
 
 
 [4]
 See, e.g., Derenberg, Federal Unfair Competition Law at the End of the First Decade of the Lanham Act: Prologue or Epilogue?, 32 N.Y.U.L.Rev. 1029, 1041-43, 1046-47 (1957)