**VALU ENGINEERING, INC., a California corporation, Plaintiff,**

**v.**

**NOLU PLASTICS, INC., a Pennsylvania corporation, Defendant.**

**No. C–89–2715 EFL.**

United States District Court, N.D. California.

Feb. 2, 1990.*

* Editor's note: Sections II and III were deleted from publication at the request of the court.

ing of Valu's "unique" plastic guide rails for conveyor belts. Nolu has filed a motion with the Court seeking a preliminary injunction against Valu. This motion revolves around allegedly false statements of fact made by Valu and its sales representatives in their marketing efforts about Nolu's guide rails. In support of this motion, Nolu relies on Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits false or misleading representations of fact regarding the product of the person making the statement or another person's product in promotion or advertising.

Nolu complains that Valu's sales representatives, at the direction of the highest levels of Valu's management, have been informing Nolu's potential customers that Nolu's guide rails are not manufactured from Ultra High Molecular Weight Polyethylene (UHMW plastic), but rather a cheaper and inferior substance. In addition, Nolu objects to the practice of Valu's sales representatives of displaying misshapen samples of Nolu's guide rails after subjecting the samples to high temperatures. Nolu asserts that these are material misrepresentations of fact and accordingly seeks to enjoin Valu from continuing these practices.

In contrast, Valu contends that the distortion which takes place in the Nolu product is a result of its allegedly inferior chemical composition. Valu relies on several scientific tests of the chemical composition of Nolu's guide rails in support of this contention and its marketing practices.

Edward M. Prince, Richard L. Kirkpatrick, Cushman, Darby & Cushman, Washington, D.C., for movant defendant.

Poms Smith Lande & Rose, Orange, Cal., for non-moving party plaintiff.

LYNCH, District Judge.

This is an action for trademark infringement and unfair competition by plaintiff Valu Engineering (hereinafter "Valu") against defendant Nolu Plastics (hereinafter "Nolu") based on Nolu's alleged copy-

■ In order to prevail upon a motion for a preliminary injunction, Nolu must show either: 1) a likelihood of success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. *Apple Computer, Inc. v. Formula International Inc.*, 725 F.2d 521, 523 (9th Cir.1984). Nolu correctly points out that in cases of false comparative advertising, irreparable harm is presumed. *See McNeilab, Inc. v. American Home Products Corp.*, 848 F.2d 34, 38

(2d Cir.1988); *U–Haul International, Inc. v. Jartran, Inc.*, 522 F.Supp. 1238 (D.Ariz. 1981), *aff'd*, 681 F.2d 1159 (9th Cir.1982). Therefore, if Nolu can demonstrate likelihood of success, it will have met its burden under the requirements of *Apple Computer.*

 To succeed on the merits of a false advertising claim under Section 43(a) of the Lanham Act, Nolu must show that 1) Valu has made false representations about its own or Nolu's product,[1] 2) these representations deceive or are likely to deceive a substantial segment of the intended audience (potential customers of Valu and Nolu), and 3) the representations are material in that they have caused injury, or are likely to do so. *U–Haul*, 522 F.Supp. at 1243.

With regard to the false representations, it seems clear from a letter from Valu's management to its sales force and deposition testimony of Stuart Ledingham, the owner of Valu, that the sales force is making misstatements to Nolu's potential customers either about Nolu's or Valu's products. On the one hand, the letter instructs the salespeople to tell customers that Nolu's guide rails are not UHMW plastic, while Valu's are "100% pure UHMW." Ledingham admits, however, that even Valu's guide rails include some amount of rust inhibitor, and are thus not "100% pure." It is impossible for Valu to claim that its guide rails are pure UHMW and Nolu's are not when both contain *some* amount of additives.

Also, Ledingham himself sent a package containing the misshapen samples of Nolu's guide rails which had been distorted after being subject to extremely high temperatures. He instructed his sales force to show these to customers in order to demonstrate that Nolu's guide rails were not UHMW plastic. Irregardless of whether this statement is scientifically justified,[2] the practice of using the distorted samples to prove the point that Nolu's products are not what Nolu claims them to be constitutes a misrepresentation, as Nolu does not contend that its products can withstand such temperatures, nor that they should ever be used under such high temperature conditions. Indeed, Nolu's advertisements explicitly state that the maximum temperature range of its products is 210 degrees Fahrenheit.

Both of these practices recommended by the management of Valu to its sales force are also deceptive or likely to be so. Especially when viewed in conjunction, the statement that Nolu's product is not UHMW plastic and the distorted sample would tend to indicate that Nolu's guide rails are not effective for the job which they are intended. This representation would tend to deceive a consumer in that the distortion of Nolu's product occurred under conditions in which it is not intended for use and that such distortion does not necessarily indicate that Nolu's product is not composed of UHMW plastic.

Nolu has also satisfied the Court that these practices by Valu have caused Nolu and will continue to cause Nolu injury. Nolu has submitted documentary evidence which demonstrates the damaging effect of Valu's sales practices on the willingness of Nolu's potential customers to purchase Nolu's products.

Therefore, the Court finds that Nolu has met its burden of showing reasonable likelihood of success on the merits under Section 43(a). Since irreparability of harm is presumed in false comparative advertising cases, the requested preliminary injunction will issue. The injunction shall take the following form:

1) Valu's management shall inform its sales force by letter, a copy of which shall be lodged with the Court within fourteen (14) days of the filing of this order, that no salesperson shall refer to

---

**1.** Section 43(a) was amended in 1988 to prohibit not only false statements about the products of the person making the statement, but also about others' products.

**2.** Nolu has submitted several persuasive affidavits from neutral parties suggesting that Valu's "Hot Plate Test" of subjecting Nolu's products to temperatures exceeding 400 degrees Fahrenheit does not conclusively show that they are not composed of UHMW plastic.

the chemical composition of Nolu's guide rails in sales presentations. Such letter shall also instruct Valu's sales force to refrain from use of the distorted Nolu sample in sales presentations. Any reference to the chemical composition of Nolu's guide rails or the distorted samples by Valu's sales force in sales presentations shall constitute a violation of this injunction.

2) Valu shall not refer to the chemical composition of Nolu's guide rails in any advertising or promotional literature or materials. Neither shall Valu utilize the Nolu samples distorted by exposure to extreme temperatures for advertising or promotional purposes.

This injunction shall remain in force during the pendency of this litigation or until a further order by this Court.

IT IS SO ORDERED.