**TIRE KINGDOM, INC., Plaintiff,**

v.

**MORGAN TIRE & AUTO, INC., d/b/a Don Olsen Tire & Auto Centers, Inc., a Florida Corporation, Bridgestone/Firestone, Inc., a foreign corporation, and Larry C. Morgan, individually, Defendant.**

No. 93–8707–CIV.

United States District Court, S.D. Florida.

Feb. 1, 1996.

Stephen Arnold Papy, Stephen A. Papy, P.A., Miami, FL, R. Stuart Huff, R. Stuart Huff, Law Offices, Coral Gables, FL, for Tire Kingdom, Inc.

Robert Alan Glassman, Conroy, Simberg & Lewis, P.A., West Palm Beach, FL, Jonathan Calmus Abel, Conroy, Simberg & Lewis, P.A., Hollywood, FL, Steven George Schember, C. Philip Campbell, Jr., Shumaker, Loop & Kendrick, Tampa, FL, Michael G. Sanderson, Shumaker, Loop & Kendrick, Toledo, OH, for Morgan Tire & Auto, Inc., a Florida Corporation dba Don Olson Tire & Auto Centers, Inc., Larry C. Morgan.

G. William Bissett, Jr., Hardy, Bissett & Lipton, P.A., Miami, FL, Stephen Neil Lipton, Hardy, Bissett & Lipton, P.A., Miami, FL, for Bridgestone/Firestone, Inc.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

RYSKAMP, District Judge.

THIS CAUSE comes before the Court by Bridgestone/Firestone's Motion for Summary Judgment [DE 111], dated November 30, 1994 and upon Morgan Tire & Auto, Inc. d/b/a Don Olsen Tire & Auto Centers, Inc. and Larry Morgan's Motion for Summary Judgment [DE 160], dated March 8, 1995. For the reasons stated in this Order, the Court grants the Defendants' Motions for Summary Judgment.

### I. BACKGROUND

The Plaintiff, Tire Kingdom Inc. ("Tire Kingdom"), filed suit against Morgan Tire & Auto, Inc., d/b/a Don Olsen Tire & Auto Centers, Inc., ("Morgan Tire") and Larry Morgan in December 1993 and added Bridgestone/Firestone ("Bridgestone") as a party by amending the Complaint on March 25, 1994. The Plaintiff's six-count Amended Complaint seeks injunctive relief and money damages based on alleged violations of the Lanham Act, 15 U.S.C. § 1125(a), the Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, Misleading Advertising, Fla. Stat. § 812.40, Intentional False Advertising, Fla.Stat. § 817.44; False Information, Fla. Stat. § 817.411, The Florida Racketeering Influence and Corrupt Organization Act ("RICO"), Fla.Stat. § 895.01, and under Florida common law for tortious interference with business relationships and conspiracy. The Lanham Act claim (Count I) acts as the sole basis for federal jurisdiction. The Court accepted supplemental jurisdiction over the remaining state law claims.

The Plaintiff, Tire Kingdom, and Defendant, Morgan Tire, are competitors engaged in the retail sale of tires and automobile repair services in Florida. In the Amended Complaint, Tire Kingdom names Larry Morgan, the President of Morgan Tire, as the "individual at Olson Tire primarily responsible for the policies, operating procedures, purchasing decisions, sales tactics, advertising, and general management of Olson Tire." (Amended Complaint, ¶ 14). The Plaintiff alleges that Bridgestone has joint control of Morgan Tire, has an interest in Morgan Tire's false and deceptive practices, and provides financing, advertising and other support services to Morgan Tire. (Amended Complaint, ¶ 13, 17, 18, 19, 21, & 23).

Tire Kingdom's Amended Complaint is based on two claims: (1) "schemes of deceptive trade practices" carried out through Morgan Tire's alleged use of false advertising, and (2) Morgan Tire's alleged direct solicitation of Tire Kingdom's customers holding Bridgestone credit cards from a customer list allegedly improperly obtained from Bridgestone. The false advertising claim serves as the basis for the Lanham Act violation (Count I), violation of the Florida RICO Act (Count III), and violations of the Florida Deceptive Trade Practice Act (Count VI).

Allegations concerning the customer list go to the tortious interference with a business claim (Count II), the violation of the Uniform Trade Secrets Act (Count IV), and conspiracy to interfere with a business (Count VI).

Bridgestone filed a motion for summary judgment in November 1994 and the Morgan Defendants [1] followed suit in March 1995. Due to ongoing discovery disputes, Magistrate Judge Seltzer issued an Order granting Tire Kingdom's Rule 56(f) motion allowing it until October 15, 1995 to supplement its response to the Defendants' summary judgment motions. The October 15 deadline was extended to November 1, 1995. Tire Kingdom filed its Supplemental Memorandum in Opposition to Defendants' Motions for Summary Judgment on November 1 and the Defendants replied. The Court heard oral argument on the motions for summary judgment on November 7, 1995 and took the matter under advisement.

## II. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, in its most basic form, summary judgment is appropriate where there is no genuine issue of material fact in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (*"some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.")

Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). A fact is material only if affects the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. Id. at 250, 106 S.Ct. at 2511.

The party opposing the summary judgment may not simply rely on the pleadings or mere denials of the allegations. Rather, the opposing party must adduce some evidence showing that material facts are in issue. *Id.* at 256, 106 S.Ct. at 2514. *See also, Celotex,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986) ("Rule 56(c) therefore requires a non-moving party to go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' "); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party must bring forth more than its own allegations of a genuine issue of material fact and more than a mere scintilla of evidence or an abstract theory to survive a motion for summary judgment. *McLaughlin v. City of LaGrange,* 662 F.2d 1385 (11th Cir.1981), *cert. denied,* 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982).

In addition, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. If the moving party can show that no evidence supports an essential element of the claim, "trial would be a bootless exercise." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195 (5th Cir.1986). With this summary judgement standard in mind, the Court will consider Defendants' motions for summary judgment.

---

1. Morgan Tire & Auto, Inc., d/b/a Don Olson Tire & Auto Centers, Inc., and Larry C. Morgan will be referred to collectively as the "Morgan Defendants."

## III. DISCUSSION

Section 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a)(1)(B) creates a civil remedy for entities injured by their competitor's false or misleading advertisements. The pertinent portion of that statute attributes liability to:

(a)(1) Any person who, ... in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities,

...

15 U.S.C. § 1125(a)(1)(B). The Lanham Act thus makes false or misleading descriptions or representations of products or services in advertising actionable.

■ Tire Kingdom bases its Lanham Act claim on alleged false advertisements devised and issued by the Defendants in support of their products. To succeed on this false advertising claim under the Lanham Act, the Plaintiff must bring forth evidence of the following five essential elements:

(1) The Defendants made false or misleading statements about their product in an advertisement;

(2) Those advertisements actually deceived consumers or have the tendency to deceive a substantial portion of the targeted audience;

(3) The deception is material, meaning it is likely to influence purchasing decisions;

(4) The Defendants' advertised product traveled in interstate commerce; and

(5) The Plaintiff has been or is likely to be injured as a result of the false or misleading advertisements by causally related declining sales or loss of goodwill. *Ditri v. Coldwell Banker*, 954 F.2d 869, 872 (3d Cir.1992) (quoting *U.S. Healthcare v. Blue Cross of Gr. Philadelphia*, 898 F.2d 914, 922–23 (3d Cir. 1990), *cert. denied*, 498 U.S. 816, 111 S.Ct. 58, 112 L.Ed.2d 33; *ALPO Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 964 (D.C.Cir. 1990).

■ The Lanham Act's prohibition against false advertising protects the rights of consumers to receive only truthful commercial information and the rights of competitors to compete in a market free from untruthful information. *U–Haul Intern., Inc. v. Jartran, Inc.*, 681 F.2d 1159 (9th Cir.1982); *Johnson & Johnson v. Carter–Wallace*, 631 F.2d 186 (2d Cir.1980). As one Court concluded, "the Congressional intention was to allow a private suit by a competitor to stop the kind of unfair competition that consists of lying about goods or services, when it occurs in interstate commerce." *Skil Corp. v. Rockwell Intern. Corp.*, 375 F.Supp. 777, 784 (N.D.Ill.1974).

Typically, false advertising claims based on the Lanham Act arise in the context of misleading comparative advertising where the defendant claims that its product is superior, equivalent, or contains a quality which its competitor's product does not.[2] Lanham Act false advertising claims also arise in a variety of other contexts, for example: a defendant's claim that its product contained a certain percentage of a substance,[3] advertisements that a medical product has certain beneficial qualities,[4] advertisement claiming that a more powerful juicer motor with speed con-

---

**2.** *Tyco Industries, Inc. v. Lego Systems, Inc.*, 5 U.S.P.Q.2d 1023, 1987 WL 44363 (D.N.J.1987), *aff'd*, 853 F.2d 921 (3d Cir.1988), *cert. denied*, 488 U.S. 955, 109 S.Ct. 392, 102 L.Ed.2d 381 (1988) (defendant's advertisement claiming that its toy building block set "looks and feels like Lego" was found false under the Lanham Act); *Castrol, Inc. v. Quaker State Corp.*, 977 F.2d 57 (2d Cir.1992) (defendant's advertisement claimed that its product was superior to plaintiff's product); *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939 (3d Cir.1993); *American Home Products Corp. v.*

*Johnson & Johnson*, 654 F.Supp. 568 (S.D.N.Y. 1987); *Avis Rent A Car System, Inc. v. Hertz Corp.*, 782 F.2d 381 (2d Cir.1986).

**3.** *Camel Hair & Cashmere Institute of America, Inc. v. Associated Dry Goods Corp.*, 799 F.2d 6 (1st Cir.1986).

**4.** *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6 (7th Cir.1992).

trol makes better juice,[5] a claim that auto anti-freeze meets the auto manufacturer's specifications,[6] a claim that a product contains no measurable carcinogens,[7] and a real estate brokerage firm's claim that it was # 1.[8]

■ At the November 7, 1995 summary judgment hearing, the Court focused on five advertisements that the Plaintiff claims violate the Lanham Act. The Defendants' maintain that the challenged advertisements do not come within the purview of the Lanham Act because none concern "the nature, characteristics, qualities, or geographic origin" of any products or services advertised and sold by them. As a preliminary matter, the Court notes that the Plaintiff has failed to bring forth even a scintilla of evidence regarding the elements of reliance and materiality in conjunction with the allegedly false and misleading advertisements. To survive a motion for summary judgment, the Plaintiff must support each element of its Lanham Act claim with more than mere allegations. *McLaughlin v. City of La Grange*, 662 F.2d 1385 (11th Cir.1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir.1986). The Plaintiff's failure to produce evidence that the challenged advertisements

(1) actually deceived consumers or have the tendency to deceive a substantial portion of the target audience, or (2) that this deception was material in that it was likely to influence purchasing decisions, fatally flaws Plaintiff's Lanham Act claims.

However, the Court will review each alleged false advertisement separately to determine whether it is actionable under the Lanham Act, and if so, whether the Defendants are entitled to summary judgment on those claims.[9]

### A. The Good, Better, Best Format.

The Plaintiff first contends that the Defendants' advertisements using the good, better, best format to display the Economy, Don Olsen, and Dayton tire options violates the Lanham Act. In the challenged advertisements, Morgan Tire displays three categories of low cost radial tires in a row. The first option is the Economy which sells for $8.99 with a 40,000 mile warranty, in the middle is the Don Olsen which sells for $13.99 with a 50,000 mile warranty, and finally the Dayton which sells for $18.99 with a 60,000 mile warranty. Nothing further is stated concerning the nature, quality, characteristics, or geographic origin of these products. The Plaintiff asserts and the Defendants confirm that the Economy and the Don Olsen are in fact the same tire, the "Power Custom," sold with different warranties.

The Plaintiff argues that this advertisement leads consumers to believe that the Defendants sell three distinct low cost radial tires with increasing levels of quality. The Plaintiff contends that misleading consumers into believing that three different levels of tires exist, one low quality, one middle quality, and one high quality, when only two levels of quality exist constitutes false advertising actionable under the Lanham Act. The Plaintiff, however, fails to present any cases where a similar advertisement stated a claim under the Lanham Act.

■ In making a threshold determination concerning the falsity of a challenged advertisement under the Lanham Act, exam-

---

5. *Media Arts Intern. Ltd. v. Trillium Health Products*, 25 U.S.P.Q.2d 1764, 1992 WL 136081 (E.D.Pa.1992).

6. *BASF Corp. v. Old World Trading Co.*, 839 F.Supp. 528 (N.D.Ill.1993), *aff'd*, 41 F.3d 1081 (7th Cir.1994).

7. *Moltan Co. v. Eagle–Picher Industries, Inc.*, 55 F.3d 1171 (6th Cir.1995).

8. *In re Century 21–RE/MAX Real Estate Advertising Claims Litig.*, 882 F.Supp. 915 (C.D.Cal. 1994).

9. The Plaintiff argues that the Court's March 9, 1994 Order establishes that its Lanham Act claims are actionable. However, a close reading of that Order reveals that the Court merely found that the allegations in the Complaint adequately put the Defendants' on notice as to the nature of the claims. The Court specifically stated that the arguments raised by the Defendants' would be more appropriately raised by motion for summary judgment.

ining the industry standard is appropriate. *Castrol Inc. v. Pennzoil Co.*, 799 F.Supp. 424, 436 (D.N.J.1992), *aff'd,* 987 F.2d 939 (3d Cir. 1993). Because Tire Kingdom and Morgan Tire are direct competitors in the retail tire market, Tire Kingdom's practices are relevant to the industry standards. In his deposition, Tire Kingdom's corporate representative, Derrill DeRamus, admitted that Tire Kingdom advertises an "Economy" tire without identifying the manufacturer. (DeRamus Depo., Sept. 18, 1995, 207–08). He further stated that this Economy tire could be one of several brands based on Tire Kingdom's ability to purchase low cost tires. *Id.,* at 293–96. When asked, Mr. DeRamus stated that the practice of advertising an Economy tire that could be one of several brands was not a misidentification of a product actionable under the Lanham Act. *Id.,* at 296. From this examination into the industry standard, the Court finds that it is commonplace for retail tire companies to advertise an Economy line without specifying the actual manufacturer of that tire and further that this practice does not violate the Lanham Act.

In addition, the Plaintiff's claim with respect to the allegedly misleading good, better, best advertisement arises from the Defendants' failure to disclose that the Economy and the Don Olsen options use the same basic tire. Early courts faced with Lanham Act claims based on a failure to disclose facts in an advertisement found them not actionable. *Alfred Dunhill, Ltd. v. Interstate Cigar Co.*, 499 F.2d 232 (2d Cir.1974) (finding no actionable Lanham Act claim where Defendant failed to warn that product was water damaged); *McNeilab, Inc. v. American Home Products Corp.,* 501 F.Supp. 517 (S.D.N.Y.1980); *Universal City Studios, Inc. v. Sony Corp. Of America,* 429 F.Supp. 407 (C.D.Cal. 1977) (finding unnecessary "a disclaimer of possible false expectations independently held by the public" and not actionable the "omission of information perhaps relevant to a buyer").

■ However, where an advertisement becomes untrue or is affirmatively misleading as a result of a competitor's failure to disclose a material fact, an actionable Lanham Act violation may arise. *U–Haul Intern., Inc. v. Jartran, Inc.,* 522 F.Supp. 1238 (D.Ariz.1981), *aff'd,* 681 F.2d 1159 (9th Cir. 1982); *Bohsei Enterprises Co., U.S.A. v. Porteous Fastener Co.,* 441 F.Supp. 162 (C.D.Cal.1977). The Trademark Law Revision Act of 1987 would have rewritten § 43(a) to include a prohibition against "omissions of material information." The Senate Committee, however, deleted the proposed language, "to respond to concerns that it could be misread to require that all facts material to a consumer's decision to purchase a product or service be contained in each advertisement." S.Jud.Comm.Rep. on S. 1883, S.Rep. No. 100–515 (Sept. 15, 1988). The Committee intended for the Courts to reach their own determinations concerning the actionability of undisclosed facts. *Id.* For an omission of fact to state a claim under the Lanham Act, the Court at minimum requires that the omission render the advertisement materially misleading.

■ The Court need not decide whether the omission of fact before us is actionable under the Lanham because the good, better, best advertisement does not pertain to the nature, quality, characteristics, or geographic origin of the Defendants' product. Not every potentially misleading advertisement is actionable under the Lanham Act. The different warranties offered for the Economy and the Don Olsen options account for the difference in price. When consumers purchase the Don Olsen option, they essentially receive an extended warranty on a low cost radial tire. In .hat respect, the characteristics of the Economy and the Don Olsen do differ. The advertisement does not make any representations that the Economy and Don Olsen options include different quality tires, one low and one middle range.

The Plaintiff cannot state a claim under the Lanham Act by attributing inferences to an otherwise clear advertisement. The challenged advertisement simply does not distort, deceive, or mislead regarding the quality, nature, characteristics, or geographic origin of the advertised products. Tire Kingdom's own practices support the Court's position as to the actionability of this challenged adver-

tisement. This advertisement is not actionable under the Lanham Act.

### B. Advertising Bridgestone Private Brand Tires as "Made by Bridgestone."

■ The Plaintiff next alleges that Morgan Tire's advertisement for a private-brand tire depicted as "made by Bridgestone" violates the Lanham Act by misrepresenting the origin of the tires. Tire manufacturers produce two broad categories of tires: brand-name tires and private-brand tires. Brand-name tires are marketed under the manufacturer's logo and are generally more expensive than private-brand tires. Private-brand tires, although manufactured by the same companies, are made with no brand label on the sidewall and are sold by retailers as generic, less expensive tires. The Plaintiff explains that the public perceives brand-name tires as superior in quality to private-brand tires. The Plaintiff alleges that advertising a private-brand tire as "made by Bridgestone" leads consumers to believe that Morgan Tire sells brand-named tires for private-brand prices.

The Court again agrees with the Defendants that this advertisement fails to state a claim under the Lanham Act. The private-brand tire advertised as "made by Bridgestone" was in fact manufactured by Bridgestone. (S. Ishibashi Depo., Oct. 18, 1995, 61–62). This advertisement clearly does not distort or mislead concerning the nature, quality, or characteristic of the advertised tire. The tire was a private-brand manufactured by Bridgestone just as the advertisement represented. Because the Plaintiffs have failed to show how this advertisement is false or misleading with respect to the nature, quality, characteristics, or origin of the advertised product, the Defendants are entitled to summary judgment on this claim. In addition, the Court notes Plaintiff's complete lack of evidence regarding reliance and materiality in connection with this advertisement. This insufficiency serves an alternative ground for granting Defendants' motions for summary judgment as to this claim.

### C. Charging A Higher Price Than Advertised.

■ The Plaintiff asserts that the Defendants' advertise prices they will not honor in violation of the Lanham Act. Morgan Tire allegedly prints one sales price in advertisements but sells the product at the regular price. The Plaintiff contends that Morgan Tire encouraged this practice by paying a "SPIFF" to its salesmen for selling tires over the advertised price. The Plaintiff does not, however, allege that a consumer who requests the advertised price has ever been denied the product at that price. The Plaintiff asserts that this practice violates the Lanham Act because the Defendants have no intent to sell the product at the advertised price and merely use the low price to lure customers into the store.

Even taking Plaintiff's allegations concerning the Defendants' sales tactics as true, the Court finds no Lanham Act violation. The alleged falsity of the advertisement simply does not implicate the quality, nature, or characteristics of the Defendants' products. The Plaintiff admits that the advertised tire can be purchased at the advertised price at the request of the customer. Thus, the advertisement is neither literally false nor misleading to the target audience.

The Plaintiff's argument with respect to this alleged violation of the Lanham Act is also logically inconsistent when viewed in light of the five essential elements of a false advertising claim. Plaintiff must make some showing that the Defendants' misrepresentation was "material" in the sense that it would have some effect on consumers' purchasing decisions. *In re Century 21–RE/MAX Real Estate Advertising Claims Litig.*, 882 F.Supp. 915, 923 (C.D.Cal.1994). Consumers who are charged more than the advertised price could not have found the advertised price material to their purchasing decision. If the advertised price were material to a customer, that customer would inquire about the advertised price and purchase the product at that price. This claim could thus never meet the materiality requirements of a Lanham Act claim for false advertising.

If it is Morgan Tire's policy to take advantage of customers by charging more than the

advertised price, as the Plaintiff alleges, this may constitute unprincipled sales practices, but does not violate the Lanham Act. In this situation, consumers who relied on the advertisement as material to their purchasing decision were able to acquire the advertised tire for the advertised price. The Defendants are entitled to summary judgment on this claim.

### D. Advertising Tires Not in Inventory.

The Plaintiff next contends that the Defendants' violated the Lanham Act by advertising tires not currently in stock. The Plaintiff relies on *Norton Tire Co., Inc. v. Tire Kingdom Co., Inc.*, 858 F.2d 1533 (11th Cir.1988) and *In re Uranium Antitrust Litigation*, 473 F.Supp. 393 (N.D.Ill.1979), to support its contention that this practice is actionable under the Lanham Act. The Plaintiff does not allege that the Defendants advertise tires that they have never carried in stock. Rather, the Plaintiff claims that Morgan Tire purposefully carries very few of certain advertised tires to lure customers into the store, where they are then switched over to Bridgestone/Firestone brand tires.

Analyzing the cases cited by the Plaintiff supporting this claim as actionable under the Lanham Act, the Court finds the precedent ambiguous at best. The *In re Uranium* case is of limited value to the Court because the holding of the case is specific to the unique conditions of the uranium market. In addition, although nearly twenty years old, no other court has relied on *In re Uranium* to make unavailability claims actionable under the Lanham Act.

The *Norton Tire* case, however, does add credence to Plaintiff's argument that unavailability states a claim under the Lanham Act. In that case, Norton Tire brought suit against Tire Kingdom under the Lanham Act for Tire Kingdom's "bait and switch" sales method of widely advertising low prices on brand name tires then keeping the stock intentionally low to switch customers to higher grossing products. After the bench trial, the district court concluded that Norton Tire had failed to prove its Lanham Act claim because Tire Kingdom's advertisements were not false or misleading. The Eleventh Circuit reviewed that decision and affirmed. *Norton Tire*, 858 F.2d at 1534. In reaching that decision, the Court relied on the disclaimer of availability contained in the challenged advertisements and on the finding that a persistent customer could purchase the advertised tire if willing to wait.

■ The Eleventh Circuit, however, did not specifically address whether unavailability states a claim under the Lanham Act in *Norton Tires.* The Plaintiff argues that the Eleventh Circuit implicitly found the unavailability of an advertised product claim actionable under the Lanham Act by affirming the district court. The Defendants, to the contrary, contend that after *Norton Tire* unavailability is not actionable under the Lanham Act. The Court concludes from a plain reading of the statute and from *Norton Tire* that whether a product is available goes directly to one of that product's characteristics such that true unavailability states a claim under the Lanham Act. This finding, however, is limited to cases of intentional, constant, unavailability as opposed to "bait and switch" claims.

■ In this case, the Plaintiff's Lanham Act claim for unavailability fails because it is essentially premised on a "bait and switch" claim as opposed to true unavailability. The *Norton Tire* Court found that where (1) the advertisements included disclaimers concerning availability, and (2) customers who wished to purchase the advertised product were ultimately able to do so, the suspect advertisements were neither false nor misleading. *Norton Tire*, 858 F.2d at 1534.

The Morgan Tire advertisements reviewed by the Court contain language concerning potential shortfalls in inventory levels of advertised tires. These disclaimers state, "all sizes and styles are not stocked at all locations—Most are available overnight from warehouse." The inclusion of this disclaimer puts the consumer on notice that not all advertised tires are stocked at every location.

In addition, both Larry Morgan, President of Morgan Tire, and James Grady, President of the retail division of Morgan Tire, in sworn affidavits dated March 8, 1995, describe Morgan Tire's policy on unavailable

items. (Morgan Aff.2, ¶ 11; Grady Aff., ¶). If customers request an advertised product not currently in stock, the company provides three choices, (1) taking an upgrade at no extra charge, (2) ordering the advertised tire and making it available as soon as possible, or (3) taking a "rain check" where the customer is able to purchase the advertised tire at the advertised price once the inventory levels have been replenished. *Id.* The Plaintiff has brought forth no record evidence to disprove that customers seeking advertised tires are ultimately unable to obtain those products.[10]

Because the Defendants have introduced evidence that the challenged advertisements contain disclaimers and that customers are capable of obtaining advertised products not stocked in the retail outlet, and because the Plaintiff is unable to refute these findings, the Defendants are entitled to summary judgment on this claim.

### E. Advertisements Representing that Morgan Tire is a Multi–Brand Tire Dealer.

██ The Plaintiff lastly alleges that beginning in 1991, Morgan Tire, with the consent of the other Defendants, began marketing itself as a multi-brand tire dealer when, in fact, Morgan Tire is a Bridgestone/Firestone outlet. In its advertisements, Morgan Tire represents that it sells Pirelli, Michelin, Goodyear, Firestone, Dayton, and Bridgestone tires. Plaintiff argues that such representations are false and misleading because Morgan Tire primarily sells Bridgestone/Firestone products. The Plaintiff does, however, acknowledge that Morgan Tire sells and stocks all the brands it advertises, albeit some brands in meager amounts.

This claim mimics the issues raised in the previous section and is essentially another attempt at the unavailability claim. The Plaintiff argues that low availability of brands other than Bridgestone/Firestone makes the Defendants' advertisement false

and misleading. However, the challenged advertisements contain availability disclaimers and customers can obtain the advertised brands if willing to wait as noted in the previous section. Applying the findings of the previous section, the Court will grant Defendants summary judgment on this claim as well. Under *Norton Tire,* these factors preclude a Lanham Act unavailability claim.

In addition, advertisements asserting that Morgan Tire is a multi-brand tire dealer are not actionable under the Lanham Act because Morgan Tire does stock multiple brands of tires making the advertisement neither false nor misleading. We also agree with the Defendants that whether an entity promotes itself as a multi-brand dealer does not misrepresent the quality, nature, characteristics, or geographic origin of its products.

### III. CONCLUSION

THE Court has considered the motions, and the pertinent portions of the record, and being otherwise fully advised, it is hereby

ORDERED AND ADJUDGED that:

(1) Bridgestone's Motion for Summary Judgement [DE 111] is hereby GRANTED as to Count I and DENIED without prejudice as to the remaining Counts.

(2) The Morgan Defendants' Motion for Summary Judgment [DE 160] is hereby GRANTED as to Count I and DENIED without prejudice as to the remaining Counts.

(3) The Court declines to take supplemental jurisdiction over the remaining state law claim in Counts II through VI. Those claims are hereby dismissed without prejudice.

(4) Plaintiff's Motion to Amend remains pending and the Court will enter a separate Order of Final Judgment upon resolution of that motion if necessary. Until that time,

---

10. The Court notes that the shopping surveys included in Plaintiff's Supplemental Motion in Opposition to Summary Judgment were previously struck by Magistrate Judge Seltzer's July 15, 1995 Order on Various Motions. The inclusion of these stricken documents in Plaintiff's supplemental memorandum is inappropriate. The Court has not considered the stricken shopping surveys in reaching this decision.

the Court retains jurisdiction over this matter.

DONE AND ORDERED.